Arogant Hollywood
Alison Helen Fairchild
1308 E. Colorado Blvd.
Pasadena, CA 91106
Mobile: (213) 447-8922

Email: causeofaction38@gmail.com

FILED
CLERK, U.S. DISTRICT COURT

MAR 2 2 2017

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF THE STATE OF CALIFORNIA

## CENTRAL DISTRICT, WESTERN DIVISION

CV17-2253-JFW (AFMx)

| | |
|---|---|
| AROGANT HOLLYWOOD, ALISON HELEN FAIRCHILD, | Case No: |
| Plaintiff(s), | |
| vs. | CIVIL RIGHTS COMPLAINT |
| AIRBNB INC., BRIAN JOSEPH CHESKY, JOSEPH GEBBIA JR., NATHAN BLECHARCZYK, DOES 1-10, | |
| Defendant(s) | |

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 1 of 108

**VERIFIED COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF for: VIOLATION OF TITLE II OF THE CIVIL RIGHTS ACT OF 1968 [42 U.S.C.S. §§§§ 1981, 1983, 1985 & 1986];VIOLATIONS OF [42 U.S.C. §§ 12203] (retaliation, intimidation, threats, and interference of civil rights); VIOLATION OF CALIFORNIA CIVIL CODE § 51, et seq[ THE UNRUH CIVIL RIGHTS ACTS] (denial of access to full and equal accommodation, advantages, facilities, privileges and services); VIOLATION OF CALIFORNIA CIVIL CODE § 51.5, VIOLATION OF CALIFORNIA CIVIL CODE § 51.7; VIOLATION OF CALIFORNIA CIVIL CODE § 52.1; DISCRIMINATION OF THE CIVIL RIGHTS ACT of 1964 [ 42 U.S.C. § 1985] (conspiracy to interfere with civil rights); 42 U.S.C. § 1986 (neglect to prevent deprivation of rights); VIOLATION OF 14TH AMENDMENT CONSTITUTIONAL RIGHTS; NEGLIGENCE; NEGLIGENCE SUPERVISION AND/OR RETENTION; CIVIL CONSPIRACY; NEGLIGENT INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, GROSS NEGLIGENCE, VIOLATION CAL CIV CODE §§ 1159 & 1160;**

This lawsuit is brought due to violations by Defendants of, inter alia, violations of Plaintiffs; constitutional civil rights. Defendants also acted under the color of state law in that they conspired and use the assistant of law enforcement to forcefully remove Plaintiffs' from their residence.

Defendants' conduct is and was a pattern and practice of intentional exclusion of a African-American man and his disabled fiancée, due to protected characteristics of race, gender, and disability in direct violation of provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.S. § 12203, ET SEQ., the Civil Rights Act of 1964, 42 U.S.C.S. §§§§ 1981, 1982, 1985, 1986 and, and the egregious actions undertaken by Defendants and/or those acting under their association or affiliation with Defendants against a black man protected from discrimination under the above stated statutes, and a disabled woman named Alison Helen Fairchild.

Defendants Airbnb Inc. violated state laws by their negligence, negligent retention and/or supervision, negligent intentional infliction of emotional distress, intentional infliction of emotional distress, civil conspiracy and gross negligence.

Defendants intentionally discriminated against Plaintiff Arogant Hollywood, an African-

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 2 of 108

enforcement agency to forcefully remove Plaintiffs from a residence that they were peacefully in possession of at the time of the incident.

Defendants intentionally discriminated against Plaintiff Alison Helen Fairchild, a Caucasian woman who is non-ambulatory and unable to walk whatsoever., every time she attempted to request a reasonable public accommodation. Defendants intentionally discriminated against Ms. Fairchild and Defendants were grossly negligent forcing a disabled Alison Fairchild to be kicked out of her home and homeless for several days until she was able to find another place to live at. Plaintiff Fairchild is a member of disabled persons protected under the federal laws of Title II of the American Disabilities Act of 1990.

Congress enacted the Civil Rights Act of 1964 to stop discrimination against minorities, including people of African-American descent. The ADA was enacted because of pervasive discrimination against disabled persons and because discrimination is "a serious and pervasive social problem… [that includes] various forms of discrimination, including outright intentional exclusion." "42 U.S.C. § 12101 (a) (7). Congress explained, "individuals with disabilities are a discrete and insular minority who have been… relegated to a position of political powerlessness in our society. "42 U.S.C. § 12101. Despite the political powerlessness disabled people have in our society when bringing civil rights suits against corporations, Plaintiffs Arogant Hollywood and Alison Helen Fairchild are determined to stop Defendants' discriminatory actions and omissions.

Defendants were negligent and grossly negligent by using law enforcement to complete a wrongful eviction of Plaintiffs Arogant Hollywood and Alison Helen Fairchild

Defendants were negligent and grossly negligent by conspiring with Airbnb host Cecilia Shutan to forcefully remove Plaintiffs.

Defendants were negligent and grossly negligent by conspiring with L.A.P.D. to forcefully remove both Plaintiffs from their residence.

---

**Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED**
–Page 3 of 108

**FEDERAL CIVIL COMPLAINT OF AROGANT HOLLYWOOD AND ALISON HELEN FAIRCHILD, INDIVIDUALLY**

Plaintiffs **AROGANT HOLLYWOOD AND ALISON HELEN FAIRCHILD** individually bring this action against Defendants Airbnb Inc. The Plaintiffs hereby allege as set forth below:

**PARTIES TO THE ACTION**

1.      Plaintiff **AROGANT HOLLYWOOD** is and was a resident of Los Angeles, California at all relevant times. Plaintiff Hollywood lived at 3164 Atwater Avenue at all relevant times stated throughout this lawsuit Arogant Hollywood was a residential tenant at 3164 Atwater Avenue, Los Angeles, California, was current on his rent, and had an oral agreement to reside at premises on a month to month basis by Airbnb Inc. host Cecelia Shutan. Plaintiff Hollywood's residence at the time of events complained upon herein was is located at 3164 Atwater Avenue, Los Angeles, California. At all times, relevant hereto, and stated throughout this lawsuit, Arogant Hollywood was an African-American male individual over the age of 18 years-old and a resident of the state of California.

2.      Plaintiff **ALISON HELEN FAIRCHILD** is and was a resident of Los Angeles, California at all relevant times. Plaintiff Fairchild lived at 3164 Atwater Avenue at all relevant times stated throughout this lawsuit Alison Helen Fairchild was a residential tenant at 3164 Atwater Avenue, Los Angeles, California, was current on her rent, and had an oral agreement to reside at premises on a month to month basis by Airbnb Inc. host Cecelia Shutan. Plaintiff Fairchild's residence at the time of events complained upon herein was is located at 3164 Atwater Avenue, Los Angeles, California. At all times, relevant hereto, and stated throughout this lawsuit, Alison Helen Fairchild was a Caucasian female individualover the age of 18 years-old and a resident of the state of California.

3.      Plaintiff **ALISON HELEN FAIRCHILD** is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 4 of 108

"physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§ 51, 51.5, 54, 54.1 and 55, and other statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff **ALISON HELEN FAIRCHILD** is a "person with physical disabilities", as defined by all applicable California and United States laws. Plaintiff Alison Fairchild has severe brain damage, chronic arthritis all over her entire body, spinal meningitis, multiple sclerosis and constant joint inflammation, pain and swelling. In addition, Plaintiff Fairchild suffers from and was diagnosed with multiple sclerosis, which attacks her brain, and during intense emotional distress, leads to migraines caused by addition legions formed on her brain. Plaintiff **ALISON HELEN FAIRCHILD** requires the use of a wheelchair to travel about in public. Consequently, plaintiff **ALISON HELEN FAIRCHILD** is a member [1] of that portion of the public whose rights are protected by the provisions of Health & Safety Code § 19955, et seq. (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§ 51 and 51.5 the Disabled Persons Act, Civil Code § 54, and the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

3 ¼.   Defendant **AIRBNB INC.** operates an online community marketplace for people to list, discover, and book accommodations worldwide online or from a mobile phone. The company allows people to rent out their extra space and showcase it to audience. **AIRBNB INC.** was formerly known as AirBed & Breakfast, Inc.  **AIRBNB INC.** has over 1,500,000 listings in 34,000 cities and 190 countries. Founded in August 2008 and headquartered in San Francisco, California, the company is privately owned and operated by **AIRBNB INC.** Defendant **AIRBNB INC.**'s jurisdiction lies within the state of Delaware. Defendant **Airbnb Inc.** operates within the city of Los Angeles, CA. Airbnb Inc. has violated ADA laws pursuant to 42 U.S.C. § 12181. Defendant Airbnb Inc. is a public accommodation known as Airbnb Inc., located at 3164 Atwater Avenue, Los

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 5 of 108

Angeles, California, or of the building and/or buildings which constitute said public accommodations. At all times, relevant to this complaint, Defendant Airbnb Inc. and DOES 1-10, inclusive, were jointly and severally responsible for Airbnb Inc.

3 1/3.   Defendants Brian Joseph Chesky, Nathan Biecharczyk, Joseph Gebbia Jr. are multi-billionaire cofounders of Airbnb Inc. Defendants live and work in the state of California.

4.       Plaintiffs are unaware of the true names of Defendants listed as DOES 1 through 20, inclusive, and therefore sued them by the foregoing names which are fictitious. Plaintiffs will amend this Complaint by inserting the true names in lieu of said fictitious names, together with apt and proper charging words, when said true names are ascertained. Plaintiffs are informed and believe and thereon allege that each of the Defendants designated herein as a DOE is responsible and liable to Plaintiffs in some manner for the events, happenings, and contention referred to in this Complaint. All references herein to "Defendant: or "Defendants" shall be deemed to include all DOE Defendants.

5.       Plaintiffs Arogant Hollywood and Alison Helen Fairchild are informed and believe and thereon allege that each Defendant, including DOES 1 through 10, inclusive, was and is the agent, employee, servant, subsidiary, partner, member, associate, or representative or each other Defendant, and that all of things alleged to have been done in the course and scope of said agency, employment, service, subsidiary, partnership, membership, association, or representative relationship and with the knowledge and consent of their respective principals, employers, masters, parent corporations, partners, members, associates, or representatives. Each Defendant has authorized, ratified, acknowledged, consented, acquiesced, and/or approved of all acts, conduct, and/or omissions, by each other Defendant. Plaintiffs are informed and believes and thereon alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged in this complaint, and that plaintiffs' damages as alleged in this complaint were proximately

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 6 of 108

caused by those defendants.

## JURISDICTION AND VENUE

6. This action arises from a violation, inter alia, of Title III of the Americans with Disabilities Act, 42 U.S.C.S. §§ 12101, 12203, 12181, *et seq.*, discrimination in violation of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981, 1983, 1985 and 1986. Plaintiffs seek redress of violations of state law rights and/or federal law rights via the supplemental jurisdiction of this Court. Plaintiffs allege that Defendants Airbnb Inc. acted under the color of state law, and in addition violated Plaintiffs' rights to make and enforce contracts.

7. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction under 28 U.S.C. § 1367(a). Declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201, 2202, and 1343.

8. Venue is proper pursuant to 28 U.S.C. § 1391 because at least one of the defendants resides within this District and because all the acts for which Plaintiffs complains occurred in the city of Pomona, within the State of California.

9. Personal jurisdiction is proper over each of the defendants because they are either domiciled in the State of California and/or have regularly transacted business in the State.

10. To maintain an action under 42 U.S.C. § 1985, Plaintiffs Arogant Hollywood and Alison Helen Fairchild need not first exhaust administrative or state remedies. Neither does the availability of a state remedy preclude Mr. Hollywood and Ms. Fairchild from seeking relief under the Civil Rights Act, when the Complaint otherwise states a claim. See *Hazzard v. Weinberger, 383 F. Supp 255 (1974), affirmed 512 F.2d 1397 (2nd Cir. 1975)* or state court remedies *(Burt v. City of New*

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 7 of 108

*York, 156 F.2d 791 (1946))*

### GENERAL ALLEGATIONS OF COMPLAINT ON BEHALF OF BOTH PLAINTIFFS AROGANT HOLLYWOOD AND ALISON HELEN FAIRCHILD

11.     On or around March 25th 2015 Arogant Hollywood booked a room on Airbnb Inc.'s website with host Cecelia Shutan. The room was described as a private room with a separate keyed entrance and private bathroom. Plaintiff Hollywood booked the room with his prepaid credit card or the prepaid debit card of his fiancée Alison Helen Fairchild. The total cost Plaintiff Hollywood paid was $ 353.00 for six nights. The room was falsely advertised on Airbnb's website as wheelchair accessible, a private room with a keyed entrance, non-smoking and air conditioning.

12.     On or around March 26th 2015 at approximately 3 p.m. Arogant Hollywood and Alison Helen Fairchild arrived at Cecelia Shutan's home located at: 3164 Atwater Avenue, in the city of Los Angeles, California. Upon arriving, Plaintiff Hollywood had to carry his fiancée Alison Fairchild upstairs on the outside and inside of Ms. Shutan's small house. There was no handicap access despite Ms. Shutan stating on her Airbnb profile that her home was wheelchair accessible. After finally entering Ms. Shutan's home she showed both Plaintiffs the room that they had not booked online on Airbnb's website. This room was extremely small and full of Ms. Shutan's furnisher, personal cosmetics and personal clothing. Throughout the house there were several photographs of a very nude Cecelia Shutan, especially in the bedroom both Plaintiffs were occupying. Ms. Shutan stated that the room Plaintiffs' booked online was already rented to another Airbnb Inc. guest so she could not rent that room to Plaintiffs.

13.     On March 27th 2015 Ms. Shutan opened the door of the bedroom that Arogant Hollywood and Alison Helen Fairchild were occupying at least five times. Sometimes she needed something out of her bathroom. Other times she would enter both plaintiffs' private room to retrieve personal underwear such as bras and panties.

---

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 8 of 108

14.     On March 28th 2015 Ms. Shutan entered both Plaintiffs' private bedroom unannounced and without permission. Ms. Shutan stated that she was just looking for some underwear. Arogant Hollywood told Ms. Shutan that she was not to enter their room without permission and prior to advanced notice. About two hours later Ms. Shutan again entered Plaintiffs' private room. This time for hygiene products out of her bathroom.

15.     On March 29th 2015 Arogant Hollywood caught Cecelia Shutan smoking a cigarette inside of her home and very close to the bedroom he was renting with his fiancée Alison Helen Fairchild. Plaintiff Hollywood stated: "What is going on" Why are you smoking in your house? Tobacco is hazardous for Alison's health." Ms. Shutan replied: "I think that I can get away with smoking one cigarette in my home." Plaintiff Hollywood then stated: "Well, you advertised in your Airbnb ad that there was no smoking allowed in your home."

16.     Shortly thereafter Plaintiff Hollywood confronted Ms. Shutan about the many issues with his stay at her home. Plaintiff Hollywood told Ms. Shutan that she had falsely advertised that her home was smoke free and wheelchair accessible. Plaintiff Hollywood told Ms. Shutan that it was fraud that she stuck him and his fiancée Alison Helen Fairchild in her private bedroom just so she could rent out the private room Plaintiff Hollywood had paid for to another person that paid for the very same room outside of Airbnb Inc. Mr. Hollywood told Cecelia Shutan that she was wrong for taking money from the former Airbnb Inc. guest and giving this former guest the room that Plaintiff had previously paid for. Well after Plaintiff Hollywood had booked the room, but still before Plaintiff arrived inside of Ms. Shutan's home. Plaintiff Hollywood told Cecelia Shutan that she was illegally operating on Airbnb because she did not have a city of Los Angeles business license. Plaintiff Hollywood told Ms. Shutan that he wanted a full refund for his entire stay. Plaintiff Hollywood also told Ms. Shutan that if she tried to kick him and his fiancée out she would be sued for fraud, discrimination and forceful entry. Plaintiff Hollywood told Ms. Shutan that he and his fiancée had tenant rights to be there because she agreed to let them stay there, did not have a

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 9 of 108

business license to operate as a short-term hotel, and because Plaintiffs together made of more than one lodger. Plaintiff Hollywood also told Ms. Shutan that the only way she could have him and his fiancée lawfully removed was through an unlawful detainer proceeding.

17.    On March 29th 2015 at approximately 1 p.m. Cecelia Shutan called Airbnb Inc. and lied to them by telling them that she was very afraid of Arogant Hollywood and he had threatened to harm her.

18.    On March 29th 2015 at approximately 2 p.m. Cecelia Shutan called the Los Angeles police department and told them that Arogant Hollywood had made threats to her, and that she did not feel same with having him staying in her home.

19.    On March 29th 2015 at approximately 2:30 p.m. Los Angeles police peace officers arrived at the address of: 3164 Atwater Avenue, Los Angeles, California. The peace officers stated that Ms. Shutan told them that Plaintiff Hollywood had threatened her and that she wanted him removed from her home, and that they were there to assist with Plaintiff Hollywood's removal. Plaintiff Hollywood stated to both LAPD peace officers that he did not threaten Ms. Shutan and all communication with her the past three days was recorded. Plaintiff Hollywood told the peace officers that they could not kick him and his fiancée out. The LAPD peace officers then told Arogant Hollywood if he did not leave he would be arrested for trespassing on private property. Alison Helen Fairchild was very stressed out. During the incident, Plaintiff Fairchild had experienced shortness of breath, tightness in her chest, chest pains and severe headaches and pains. Plaintiff Fairchild was brought to tears shortly after being forced out her new place after just four short days. Plaintiff Fairchild was upset because Cecelia Shutan had promised her and Arogant Hollywood that they could stay as long as they wanted to, that she felt very comfortable with having them as guests in her house, and was willing to rent to them on a monthly basis outside of Airbnb. Plaintiff Fairchild was angry at Airbnb in assisting in her unlawful removal from Ms. Shutan's

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 10 of 108

home.

20.    On March 29th 2015 both Plaintiffs ended up sleeping outside, had to leave with a suitcase and many other things to carry, and had to schedule an emergency access paratransit ride to drop off extra belongings to their Storbox self-storage unit in Pasadena.

21.    On or around March 30th 2015 Arogant Hollywood received an email from Airbnb that stated that his profile was disabled and that he was no longer allowed to participate in Airbnb going forward.

**FIRST CAUSE OF ACTION---RETALIATION, INTIMIDATION, THREATS, AND INTERFERENCE IN VIOLATION OF THE AMERICAN WITH DISABILITIES ACT, 42 U.S.C. § 12203 ALLEGED BY ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS AIRBNB INC. & DOES 1-10**

22.    Plaintiff Alison Helen Fairchild reincorporates by reference each and every allegation stated in paragraphs 1-21 above.

23.    Plaintiff **ALISON HELEN FAIRCHILD** is and was a resident of Los Angeles, California at all relevant times. Plaintiff Fairchild lived at 3164 Atwater Avenue, Los Angeles, California at all relevant times stated throughout this lawsuit Alison Helen Fairchild was a residential tenant at 3164 Atwater Avenue, Los Angeles, California, was current on her rent, and had an oral agreement to reside at premises on a month to month basis by Airbnb Inc. host Cecelia Shutan. Plaintiff Fairchild's residence at the time of events complained upon herein was is located at 3164 Atwater Avenue, Los Angeles, California. At all times, relevant hereto, and stated throughout this lawsuit, Alison Helen Fairchild was a Caucasian female individual over the age of 18 years-old and a resident of the state of California.

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 11 of 108

24.     Plaintiff Alison Helen Fairchild has no adequate remedy at law in that damages are insufficient to protect the public and Plaintiffs for the present harm caused by conditions described in this Complaint.

25.     Plaintiff Alison Helen Fairchild is disabled within the means of ADA, ambulatory and unable to walk whatsoever.

26.     Plaintiff Alison Helen Fairchild engaged in conduct protected by the ADA, including but not necessarily limited to requesting reasonable accommodations from Airbnb Inc. host Cecelia Shutan.

27.     42 U.S.C. § 12203(a) prohibits retaliation against any individual because the person opposed any act or practice made unlawful by the ADA. 42 U.S.C. § 12203(b) further provides that "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercise or enjoyed… any right granted or protected by this Chapter."

28.     Defendant Airbnb Inc. violated U.S.C.S. § 12203 by telling Plaintiff Alison Helen Fairchild that she would have to vacate her residential rented room permanently without cause of engaging in any wrongdoing whatsoever.

29.     Defendants Airbnb Inc. violated U.S.C. § 12203 by its interference with the ADA rights of a non-ambulatory Alison Helen Fairchild by deliberately and retaliating against her when she her fiancé Arogant Hollywood threatened to contact the city of Los Angeles business license department and code enforcement.

30.     Defendant Airbnb Inc. violated U.S.C.S. § 12203 by its conduct, including but not necessarily limited to, , threatening to have her removed from her residential hotel room by law

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 12 of 108

enforcement

31.    Defendant Airbnb Inc. violated U.S.C.S. § 12203 by its interference with the ADA rights of an ambulatory Alison Helen Fairchild by conspiring and planning to forcefully remove Plaintiff Fairchild, which would cause her to be homeless on the dangerous and cold streets of Los Angeles county.

32.    Defendants Airbnb Inc. violated U.S.C. § 12203 by its conduct, including but not necessarily limited to, threatening to have her removed from her residential rented room by law enforcement, entering her residential rented room and removing her personal belongings, and using unlawful self-help tactics that included law enforcement assisting them with forceful entry, and prevention of re-entry to her residential rented room.

33.    As a direct and proximate result of Defendants' violation of 42 U.S.C. § 12203, Plaintiff Alison Helen Fairchild has suffered and continues to suffer emotional distress, and other damages in an amount to be determined according to proof at the time of trial.

34.    **WHEREFORE**, Plaintiff Alison Helen Fairchild demands judgment against Defendants Airbnb Inc. and DOES 1-10 on the first cause of action of the Plaintiff Alison Helen Fairchild complaint in the amount that will justly compensate Ms. Fairchild for her damages, together with costs and attorneys' fees in this action.

**SECOND CAUSE OF ACTION---FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE § 51, ET SEQ (THE UNRUH CIVIL RIGHTS ACT) ALLEGED BY ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS AIRBNB INC. & DOES 1-20, INCLUSIVE.**

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 13 of 108

35.    Plaintiff Alison Helen Fairchild re-allege and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1-34 of this federal civil rights complaint.

36.    Plaintiff **ALISON HELEN FAIRCHILD** is and was a resident of Los Angeles, California at all relevant times. Plaintiff Fairchild lived at 3164 Atwater Avenue, Los Angeles, California at all relevant times stated throughout this lawsuit Alison Helen Fairchild was a residential tenant at 3164 Atwater Avenue, Los Angeles, California, was current on her rent, and had an oral agreement to reside at premises on a month to month basis by Airbnb Inc. host Cecelia Shutan. Plaintiff Fairchild's residence at the time of events complained upon herein was is located at 3164 Atwater Avenue, Los Angeles, California. At all times, relevant hereto, and stated throughout this lawsuit, Alison Helen Fairchild was a Caucasian female individual over the age of 18 years-old and a resident of the state of California.

37.    At all relevant times stated in this lawsuit Alison Helen Fairchild was a paying residential tenant of 3164 Atwater Avenue, Los Angeles, California, that was current on her rent at the time of her forceful entry and wrongful eviction.

38.    At all relevant times, Defendants' managers, supervisors and employees were employed by Airbnb Inc. and were fully involved with the interest of having Alison Helen Fairchild discriminated against and removed from its premises permanently.

39.    Defendant Airbnb Inc.'s actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating, policies, practices and/or procedures violates § 51 of the Civil Code, the Unruh Civil Rights Act. The Unruh Act provides:
This section shall be known, and may be cited, as the Unruh Civil Rights Act.

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 14 of 108

All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or disability are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or disability.

40.     Defendants Airbnb Inc.'s actions and omissions and failure to act as a reasonable and prudent public accommodation by creating unlawful and illegal policies, practices and/or procedures that resulted in the forceful entry of Alison Helen Fairchild, violates § 51 of the Civil Code, the Unruh Civil Rights Act. The Unruh Act provides:

This section shall be known, and may be cited, as the Unruh Civil Rights Act.

All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or disability are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

41.     The act and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code § 51.5:

No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in the state because of the race, creed, religion, color, national origin, sex, or disability of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

---

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 15 of 108

42.    Defendant Airbnb Inc.'s act and omissions as specified had denied to Plaintiff Alison Helen Fairchild full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code § 51, "A violation of the right of any individual under the Americans with Disability Act of 1990 (Public Law 101-336) shall also constitute a violation of this section". Plaintiff Alison Helen Fairchild accordingly incorporate the entirety of her above cause of action for violation of the Americans with Disability Act at PP34, et seq., as if re-pled herein.

43.    As a legal result of the violation of Plaintiff Alison Helen Fairchild's civil rights as herein above described, Plaintiff Alison Helen Fairchild has suffered general damages, bodily injury, physical injury, emotional distress (all to plaintiff's damage according to proof, and incurred reasonable attorneys' fees and costs). Plaintiff Alison Helen Fairchild is entitled to the rights and remedies of § 52(a) of the Civil Code, including trebling of actual damages (defined by § 52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

44.    **WHEREFORE**, Plaintiff Alison Helen Fairchild demands judgment against Defendant Airbnb Inc. and DOES 1-10, inclusive, on the second cause of action of the Plaintiff's complaint in the amount that will justly compensate Ms. Fairchild for her damages, together with costs and attorneys' fees in this action.

**PRELIMINARY FACTUAL ALLEGATIONS REGARDING DISCRIMINATION VIOLATIONS ALLEGED BY PLAINTIFF AROGANT HOLLYWOOD**

45.    Plaintiff Arogant Hollywood re-allege and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1-44 of this federal civil rights complaint.

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED -Page 16 of 108

46.     Plaintiff **AROGANT HOLLYWOOD** is and was a resident of Los Angeles, California at all relevant times. Plaintiff Hollywood lived at 3164 Atwater Avenue at all relevant times stated throughout this lawsuit Arogant Hollywood was a residential tenant at 3164 Atwater Avenue, Los Angeles, California, was current on his rent, and had an oral agreement to reside at premises on a month to month basis by Airbnb Inc. host Cecelia Shutan. Plaintiff Hollywood's residence at the time of events complained upon herein was is located at 3164 Atwater Avenue, Los Angeles, California. At all times, relevant hereto, and stated throughout this lawsuit, Arogant Hollywood was an African-American male individual over the age of 18 years-old and a resident of the state of California.

47.     This portion of the lawsuit against Defendants Airbnb Inc. and DOES 1-10 are within the Court's jurisdiction pursuant to California Civil Code §§ 51.5, 51.7, 52.1; 42 U.S.C. § 1981; and Title VI of the Civil Rights Act of 1964.

48.     Plaintiff Arogant Hollywood is informed and believe and based thereon allege that Defendant Airbnb Inc. jointly and severally acted intentionally and with deliberate indifference and conscious disregard to the rights of individuals by racially discriminating against him in violation of the law.

49.     Plaintiff Arogant Hollywood is informed and believes based on thereon allege Defendant Airbnb Inc. has engaged in, among other things a system [1] of willful violations of California Civil Code §§ 51.5, 51.7, 52.1; **42 U.S.C.S. §§§§§ 1981, 1982, 1983, 1985 & 1986**; and **Title II of the Civil Rights Act of 1964** by creating and maintaining policies, practices, and customs that knowingly deny equal rights regardless of race, color or national origin.

50.     Venue is proper because Defendant Airbnb Inc. is subject to personal jurisdiction in the State

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 17 of 108

of California, and by Arogant Hollywood paying monies to AIRBNB INC. for occupancy of one of its many residential rented rooms advertised on its world-wide website, Plaintiff Hollywood entered into a contract with Defendant Airbnb Inc., and this contract was entered in the State of California, County of Los Angeles.

51.    Plaintiff Arogant Hollywood resides in Los Angeles County, California. At all times, relevant to the allegations in this action, Plaintiff Arogant Hollywood resided in Los Angeles, California.

52.    Plaintiff Arogant Hollywood shall hereinafter be referred to as "Plaintiff".

53.    Plaintiff is informed and believe and based thereon allege that Defendant Airbnb Inc. was and is incorporated in the state of Delaware. Defendant Airbnb Inc. is qualified to do business in the State of California.

54.    Plaintiff Hollywood is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and therefore sue said Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege the true names, capacities, and circumstances supporting the liability of said defendants at such time as plaintiff ascertain the same. Plaintiff is informed and believe and based thereon allege that each fictitiously named defendant named is responsible for the matters alleged herein and proximately caused plaintiff and members of general public to be subject to the wrongs and injuries complained of herein.

55.    Plaintiff is informed and believe and based thereon allege that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venture of, or working in concert with each of the other co-defendants and was acting within the course and scope

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 18 of 108

of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, [2] conduct, and omissions of the acting defendant.

56.    At all times herein mentioned, the acts and omissions of Defendants Airbnb Inc., and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.

57.    At all times herein mentioned, Defendants, and each of them, ratified each act or omission complained of alleged.

58.    Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and severally.

59.    Plaintiff Arogant Hollywood was improperly discriminated against based on his race, ethnicity, national origin. Plaintiff is informed and believe and based thereon allege that the discrimination suffered by Plaintiff violates his rights under California Civil Code §§ 51.5, 51.7, 52.1; and 42 U.S.C. § 1981.

60.    The identity of Arogant Hollywood is readily ascertainable by review of AIRBNB INC. rental receipts and video footage taken by Plaintiff Arogant Hollywood. Plaintiffs are informed and believe and based thereon allege that it can easily be established through testimonial and documentary evidence that Defendants Airbnb Inc. discriminated against Plaintiff in violation of his civil rights under stated and federal statutes.

61.    Defendant Airbnb Inc.'s members of leadership, safety and trust departments stated that if

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 19 of 108

Plaintiff Hollywood did not vacate his residence located at 3164 Atwater Avenue, Plaintiff Hollywood would be removed and arrested.  Plaintiff Hollywood is informed and believe and based thereon allege this conduct was accomplished [3] with the knowledge and designed intent to unlawfully discriminate against Plaintiff.

62.    Plaintiff is informed and believe and based thereon allege the Defendants Airbnb Inc. in violation of state and federal statutes practiced a consistent and uniform policy of unlawfully discriminating against Plaintiff due to his race/national origin.

63.    There are predominant common questions of law and fact concerning whether Defendants unlawfully discriminated against Plaintiff Arogant Hollywood. Defendants' policies and practices wrongfully and illegally failed to treat Plaintiff as required by federal law. Plaintiff is informed and believe and based thereon allege his claims revolve around a uniform and willful pattern of statutory violations for the specific purpose of avoiding legally mandated compensation.

64.    Central to the commonality inquiry is Defendants' conduct toward Plaintiff Arogant Hollywood. Arogant Hollywood is a victim of violation of his civil rights based on his race, ancestry and national origin. Plaintiff was [4] was denied access to his residential hotel room based on his race, ancestry national origin and ancestry. Plaintiff was [5] told that he would have to check out of his residential rented room On March 22nd 2015 for doing nothing wrong whatsoever. Plaintiff was [6] denied his constitutional right to make and enforce contracts at any business licensed in the United States of America. Plaintiff Arogant Hollywood was [7] told by local law enforcement that he would be arrested if he did not leave his residence immediately.

65.    The civil rights laws upon which Plaintiff Arogant Hollywood bases his claims are broadly remedial in nature. These laws serve an important public interest in insuring equal protection for members of all races and ethnicities. These laws protect the interests and rights of Americans who

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 20 of 108

have suffered discrimination, and are particularly important in the era of heightened fear that has followed the events of September 11, 2001.

66.    The nature of this action and the format of laws available to Plaintiff Arogant Hollywood identified herein make this action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein.

67.    Plaintiff Arogant Hollywood is seeking declaratory and monetary relief for actual damages suffered.

**FACTUAL ALLEGATIONS RELEVANT TO ALL DISCRIMINATION CAUSES OF ACTION ALLEGED BY PLAINTIFF AROGANT HOLLYWOOD**

68.    Plaintiff Arogant Hollywood re-allege and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1-67 of this federal civil rights complaint.

69.    Plaintiff **AROGANT HOLLYWOOD** is and was a resident of Los Angeles, California at all relevant times. Plaintiff Hollywood lived at 3164 Atwater Avenue at all relevant times stated throughout this lawsuit Arogant Hollywood was a residential tenant at 3164 Atwater Avenue, Los Angeles, California, was current on his rent, and had an oral agreement to reside at premises on a month to month basis by Airbnb Inc. host Cecelia Shutan. Plaintiff Hollywood's residence at the time of events complained upon herein was is located at 3164 Atwater Avenue, Los Angeles, California. At all times, relevant hereto, and stated throughout this lawsuit, Arogant Hollywood was an African-American male individual over the age of 18 years-old and a resident of the state of California.

70.    On March 22nd 2015 Defendant Airbnb Inc.'s leadership of its safety and trust departments told Plaintiff Arogant Hollywood that he would have to check out on March 20th 2017, despite

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 21 of 108

Plaintiff Hollywood's residential rented room being fully paid for.

71.    On March 22nd 2015 Defendant Airbnb Inc.'s member of leadership of its safety and trust departments told Plaintiff Arogant Hollywood if he did not vacate his residential rented room he would be arrested and prosecuted for trespassing.

**THIRD CAUSE OF ACTION---VIOLATION OF CALIFORNIA CIVIL CODE SECTION 51.5 ALLEGED BY AROGANT HOLLYWOOD AS AGAINST DEFENDANTS AIRBNB INC. & DOES 1-10.**

72.    Plaintiff Arogant Hollywood re-allege and incorporate by reference paragraphs 1-71.

73.    At all relevant times stated in this lawsuit Arogant Hollywood was a paying residential tenant of 3164 Atwater Avenue, Los Angeles, California, that was current on his rent at the time of her forceful entry and wrongful eviction.

74.    At all relevant times, Defendants' general manager, supervisors and employees were employed by Airbnb Inc., and were fully involved with the interest of having Arogant Hollywood discriminated against and removed from its premises permanently.

75.    This cause of action is brought against Defendants pursuant to its intentional and willful violations of Plaintiff's civil rights under California Civil Code § 51.5.

76.    The conduct of Defendants Airbnb Inc. violated California Civil Code § 51.5 in that Airbnb Inc., a business establishment, discriminated against, boycotted, or blacklisted, or refused to buy from, contract with, sell to or trade with Plaintiff Arogant Hollywood based on his race, color, religion, ancestry, and national origin.

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 22 of 108

77.    As a direct and legal result of Defendants' violation of Civil Code § 51.5 and other state constitutional rights, Plaintiff Arogant Hollywood suffered violations of his civil rights.

79.    As a direct, foreseeable, and proximate result of said wrongful acts by Defendant Airbnb Inc., Plaintiff Arogant Hollywood suffered incidental and consequential damages and losses, all in an amount to be proven at time of trial. Plaintiff claims such amount as damages together with prejudgment interest pursuant to federal laws and any other provision of law providing for prejudgment interest.

80.    As a further direct, foreseeable, and proximate result of said wrongful acts by Defendants Airbnb Inc. Plaintiff suffered and will continue to suffer humiliation, shame, despair, embarrassment, [8] depression, and mental pain and anguish, all to the Plaintiff's damage in an amount to be proven at time of trial.

81.    As a further direct, foreseeable, and proximate result of said wrongful acts by Defendants Airbnb Inc. Plaintiff Arogant Hollywood has incurred attorney's fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

82.    The conduct of Defendants and their agents and employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiff Arogant Hollywood's civil rights, and done by management employees of Defendants Airbnb Inc. Plaintiff Arogant Hollywood is thereby entitled to an award of punitive damages against Defendants Airbnb Inc., in an amount appropriate to punish and make an example of Defendants, and in an amount to conform to proof.

83.    **WHEREFORE**, Plaintiff Arogant Hollywood demands judgment against Defendants Airbnb Inc. and DOES 1-10 on the third cause of action of the Plaintiff's complaint in the amount

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED –Page 23 of 108

that will justly compensate Plaintiff Hollywood for his damages, together with costs and attorneys' fees in this action.

**FOURTH CAUSE OF ACTION---VIOLATION OF CALIFORNIA CIVIL CODE § 51.7 ALLEGED BY PLAINTIFF AROGANT HOLLYWOOD AS AGAINST DEFENDANTS AIRBNB INC. & DOES 1-10.**

84.    Plaintiff Arogant Hollywood re-allege and incorporate by reference paragraphs 1-83.

85.    At all relevant times stated in this lawsuit Arogant Hollywood was a paying residential tenant of 3164 Atwater Avenue, Los Angeles, California, that was current on his rent at the time of her forceful entry and wrongful eviction.

86.    At all relevant times, Defendants' general manager, supervisors and employees were employed by Airbnb Inc., and were fully involved with the interest of having Arogant Hollywood discriminated against and removed from its premises permanently.

87.    This cause of action is brought against Defendants pursuant to its intentional and willful violations of Plaintiff's civil rights under California Civil Code § 51.7.

88.    The conduct of Defendants by Airbnb Inc. violated California Civil Code § 51.7 in that Defendant violated Plaintiff's rights to be free from any violence, [9] or intimidation by threat of violence because of his race, color, religion, ancestry, and national origin.

89.    As a direct, foreseeable and proximate result of Defendants' violation of Civil Code § 51.7 and other state constitutional rights, Plaintiff Arogant Hollywood suffered violation of his civil rights.

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 24 of 108

90.     As a direct, foreseeable, and proximate result of said wrongful acts by Defendants by Airbnb Inc., Plaintiff suffered incidental and consequential damages and losses, all in an amount to be proven at time of trial. Plaintiff claims such amount as damages together with prejudgment interest pursuant to Civil Code § 3287 and any other provision of law providing for prejudgment interest.

91.     As a further direct, foreseeable, and proximate result of said wrongful acts by Defendants Airbnb Inc. Plaintiff Arogant Hollywood suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, all to Plaintiff's damage in an amount to be proven at time of trial.

92.     As a further direct, foreseeable, and proximate result of said wrongful acts by Defendants, Airbnb Inc. Plaintiff has incurred attorney's fees in an amount to be determined, for which Plaintiff claims a sum to be established [10] according to proof.

93.     The conduct of Defendants and their agents and employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiff's rights, and one by managerial employees of Defendant Airbnb Inc. Plaintiff is thereby entitled to an award of punitive damages against Defendants Airbnb Inc., in an amount appropriate to punish and make an example of Defendants, and in an amount to conform to proof.

94.     **WHEREFORE**, Plaintiff Arogant Hollywood demands judgment against Defendants Airbnb Inc. on the fourth cause of action of the Plaintiff's complaint in the amount that will justly compensate Plaintiff Hollywood for his damages, together with costs and attorneys' fees in this action.

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 25 of 108

**FIFTH CAUSE OF ACTION---VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 ALLEGED BY PLAINTIFF AROGANT HOLLYWOOD AS AGAINST DEFENDANT AIRBNB INC. & DOES 1-10.**

95.     Plaintiff Arogant Hollywood re-allege and incorporate by reference paragraphs 1-94.

96.     At all relevant times stated in this lawsuit Arogant Hollywood was a paying residential tenant of 3164 Atwater Avenue, Los Angeles, California, that was current on his rent at the time of her forceful entry and wrongful eviction.

97.     At all relevant times, Defendant's general manager, supervisors and employees were employed by Airbnb Inc., and were fully involved with the interest of having Arogant Hollywood discriminated against and removed from its premises permanently.

98.     This cause of action is brought against Airbnb Inc. pursuant to its intentional and willful violations of Plaintiff's civil rights under California Civil Code § 52.1.

99.     California Civil Code § 52.`1 (b), states the following: Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (a), may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right of rights secured.

100.    The conduct of Defendant Airbnb Inc. violated California Civil Code § 52.1, in that Defendant, attempted to, and did, by threats, intimidation, or coercion, and using wrongful and deadly force, interfere with Plaintiff Arogant Hollywood's civil rights secured by the Constitution or

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 26 of 108

laws of the United States, including the right to be free from discrimination.

101. Defendant's interference with Plaintiff Arogant Hollywood's exercise and enjoyment of his civil and constitutional rights, as herein alleged, were due [11] to Plaintiff's race, color, religion, ancestry, and national origin.

102. Defendant Airbnb Inc. attempted to, and did, by threats, intimidation, and coercion, interfere with the exercise and enjoyment of the civil and constitutional rights of Plaintiff secured by the California State Constitution.

103. Defendant's interference with Plaintiff's enjoyment of his civil and constitutional rights, as alleged herein, was due to Plaintiff's race, color, religion, ancestry, and national origin.

104. Such actions by Defendant Airbnb Inc. was without any legitimate cause or justification and were intentional, malicious, reckless and in bad faith.

105. As a direct and legal result of Defendants' violation of Civil Code § 52.1 and other state constitutional rights, Plaintiff Arogant Hollywood suffered violations of his civil rights.

106. By virtue of the provisions of Civil Code § 52.1, Defendant Airbnb Inc. acted willfully, maliciously, intentionally, oppressively and in reckless disregard of the possible consequences of their conduct and accordingly, Plaintiff is entitled [12] to and hereby demand punitive and exemplary damages for the sake of example and by way of punishing Defendants in an amount to be proven at trial.

107. By virtue of the provisions of Civil Code § 52.1, Plaintiff Arogant Hollywood is entitled to

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 27 of 108

and demand three times the amount of actual damages.

108.   By virtue of the provisions of Civil Code § 52.1, Plaintiff is entitled to and demand a civil penalty of twenty-five thousand dollars.

109.   By virtue of the provisions of Civil Code § 52.1, Plaintiff is entitled to and demands and award of reasonable attorneys' fees.

110.   By virtue of the provisions of Civil Code § 52.1, Plaintiff seek, on his own behalf and on behalf of the general public, an injunction to prohibit Defendant Airbnb Inc. from engaging in the unfair business practices complained of herein.

111.   The conduct of Defendant Airbnb Inc. and their agents and employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiff Arogant Hollywood's civil rights, and done by managerial employees of Defendant Airbnb Inc. Plaintiff is thereby entitled to an award of punitive damages against Defendants Airbnb Inc., in an amount appropriate to punish and make an example of defendants, [13] and in an amount to conform to proof.

112.   **WHEREFORE**, Plaintiff Arogant Hollywood demands judgment against Defendants Airbnb Inc. and DOES 1-10 on the fifth cause of action of the Plaintiff's complaint in the amount that will justly compensate Plaintiff Hollywood for his damages, together with costs and attorneys' fees in this action.

**SIXTH CAUSE OF ACTION---DISCRIMINATION IN VIOLATION OF TITLE II OF THE CIVIL RIGHTS ACT of 1964, U.S.C.S. 42 § 1981 (EQUAL RIGHTS) ALLEGED BY PLAINTIFF AROGANT HOLLYWOOD AS AGAINST DEFENDANTS AIRBNB INC. & DOES 1-10.**

113.    Plaintiff Arogant Hollywood re-allege and incorporate by reference paragraphs 1-112.

114.    At all relevant times stated in this lawsuit Arogant Hollywood was a paying residential tenant of 3164 Atwater Avenue, Los Angeles, California, that was current on his rent at the time of her forceful entry and wrongful eviction.

115.    At all relevant times, Defendant's general manager, supervisors and employees were employed by Airbnb Inc., and were fully involved with the interest of having Arogant Hollywood discriminated against and removed from its premises permanently.

116.    This cause of action is brought against Defendant Airbnb Inc. Inc pursuant to its intentional and willful violations of Plaintiff's civil rights under 42 USC § 1981.

117.    Congress enacted the Civil Rights Act to ensure that a dollar in the hands of a Negro will purchase the same thing as a dollar in the hands of a white... " *Jones v. Alfred H. Mayer Co., 393 U.S., 409, 443 (1968).*: The aim of [the Act] is to remove the impediment of discrimination from a minority citizen's ability to participate fully and equally in the marketplace. *"Bobbitt v. Bobbitt v. Rage, Inc., 19 F. Supp. 2d 512, 516 (W.D.N.C. 1998)*; **see also** *Patterson v. McLean Credit u/nion, 491 U.S. 164, 190 (1989).*

118.    Through 42 U.S.C. § 1981, "Congress intended to prohibit 'all racial discrimination, private and public, in the sale of property." And in the making and enforcement of contracts. *Runyon v. McCrary, 427, U.S. 160, 170 (1976) (quoting Jones v. Alfred H. Mayer Co., 392 U.S. 409, 437*

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 29 of 108

*(1968)*. It is the aim of the statute "to remove the impediment of discrimination from a minority citizen's ability participate fully and equally in the marketplace." *Brown v. American Honda Motor Co., 939 F.2d 946, 949* (11th Cir. 1991).

119.    Plaintiff Arogant Hollywood avers that he is a member of a racial minority, that Defendants intended to discriminate against him based on his race, and the discrimination concerned at least one, if not more, of the activities enumerated in the statute.

120.    On information and belief, Plaintiff Arogant Hollywood avers that Defendants Airbnb Inc. treated similarly situated individuals outside of his racial group differently.

121.    On information and belief, Plaintiff Arogant Hollywood avers that Defendants Airbnb Inc. were motivated by racial animus when they refused to contract on equal terms with Arogant Hollywood based on his race.

122.    On information and belief, Plaintiff Arogant Hollywood avers that those benefits, privileges, terms and conditions of which Arogant Hollywood was deprived or whose right to same was impaired by acts of discrimination, were enjoyed by white citizens of the United States, in violation of 42 U.S.C. § 1981.

123.    On information and belief, Plaintiff Arogant Hollywood avers that the discrimination complained of is causally connected to his race, which is black.

124.    Indirect evidence of discriminatory intent is circumstantial evidence from which racial motivation can be inferred. See *Hampton v. Dillard Dep't Stores, 247 F.3d 1091, 1109 (10th Cir. 2001), cert. Denied, 534 U.S. 1131 (2002)* (stating that evidence of discrimination need not be admitted); *Joseph v. N.Y. Yankees P'ship, No. 00 CIV. 2275(SHS), 2000 WI. 1559019, at \*5*

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 30 of 108

*(S.D.N.Y. Oct. 19, 2000)* (explaining that discriminatory intent can be inferred when plaintiff can show specific instances where individuals situated similarly "in all relevant aspects" were treated differently according to their race); *Washington v. Duty Free Shoppers, Ltd., 710 F. Supp. 1288, 1289 (N.D. Cal. 1988)* (explaining that a confession of discrimination is not necessary for finding evidence of discrimination).

125.    Plaintiff Arogant Hollywood avers that the facts as alleged herein present sufficient evidence that the Defendant Airbnb Inc. denied Plaintiff residency while white tenants were allowed to enter and receive the accommodation and service and that Airbnb Inc. denied Arogant Hollywood the right to "make and enforce contracts on the same basis as white citizens" when Airbnb Inc. used the Los Angeles police department to assist in forceful entry and forceful removal of Plaintiff, while Airbnb Inc. did accommodate, serve, make contracts, and accept rent from white tenants and guests paying that were paying monies to stay at Airbnb Inc. rental locations.

126.    Plaintiff Arogant Hollywood avers he has the option of proving that he was deprived of services while similarly situated persons outside the protected class were not. *Callwood v. Dave & Buster's, 98 F. Supp. 2d 694, 707 (D.MD. 2000)*; **see also** *Murrell v. Ocean Mecca Motel, 262 F.3d 253, 257 (4th Cir. 2001)* (stating similar test for establishing a prima facie case of race discrimination in eviction from motel); see *Christian v. Wal-Mart Stores, 252 F.3d 862, 873 (6th Cir. 2001)* (This language: "which makes actionable the deprivation of service, as opposed to an outright refusal of service, better comprehends the realities of commercial establishment cases in which an aggrieved plaintiff may have been asked to leave the place of business prior to completing (his) purchase, refused service within the establishment, or refused outright access to the establishment. It is thus in harmony with the promise of § 1981 (b), which guaranties all persons equal rights in "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.")

---

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 31 of 108

127.    Plaintiff Arogant Hollywood attempted to contract with Defendant Airbnb Inc., but was repeatedly prevented from doing so because Plaintiff Hollywood was denied reasonable accommodation into Airbnb Inc. Arogant Hollywood attempted to gain entry, and therefore Plaintiff states a plausible cause of action under § 1981 because similarly situated Caucasian tenants and guests were allowed reasonable accommodation to enter Airbnb Inc.'s rentals and enter into a contract with said Defendant Airbnb Inc. Plaintiff Arogant Hollywood avers that Airbnb Inc.'s refusal to allow him reasonable accommodation to stay at its residential rental rooms after Plaintiff Hollywood had in fact paid for a rental and committed no wrongdoing, was the equivalent to a refusal to contract with Defendants. It was a discriminatory refusal to deal, and the license to enter Airbnb Inc.'s residential rented rooms was necessary to make good on the residential rented room's implicit invitation to deal. Defendant Airbnb Inc.'s refusal to accommodate Plaintiff Arogant Hollywood denied a male African-American the right to contract on the same terms and conditions as is enjoyed by white citizens. Further, race-based harassment interferes with the right of a customer of color to contract on the same terms as white customers. See *Brief of Amicus Curia Lawyers' Committee for Civil Rights Under Law, at 5, Hampton v. Dillard Dep't Stores, 247 F. 3d 1091 (10ᵗʰ Cir. 2001) (Nos. 98 3011, 98-3261) cert. denied, 534 U.S. 1131 (2002).*

128.    Plaintiff Arogant Hollywood further believes he can demonstrate that any reasons Defendant Airbnb Inc. may offer that purport to show they excluded Plaintiff Hollywood for legitimate, non-discriminatory reasons are a pretext for discrimination, as Plaintiff Hollywood avers he can show that any such reasons proffered by Defendant Airbnb Inc. have no basis in fact, that the reasons are not the actual reasons, and that the stated reasons are insufficient to explain Defendant's action. See *McDonnell Douglas Corp. v. Green, 411 U.S. 793, 804 (1973); Christian v. Wal-Mart Stores, 252 F. 3d at 879*; **see also** *Johnson v. Univ. of Cincinnati, 215 F.ed 561, 572 (6ᵗʰ Cir. 2000).*

129.    Because of the violations of Plaintiff Arogant Hollywood's rights under 42 U.S.C. § 1981, Plaintiff Hollywood has been damaged and claims entitlement to all relief as may be afforded him to

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED -Page 32 of 108

redress said wrongs.

130.    There is no exhaustion of state remedies requirement prior to Plaintiff Arogant Hollywood bringing this Complaint in federal court. *Plummer v. Chicago Journeyman Plumbers' Local Union No. 130, 452 F.Supp. 1127 (1978)*, rev'd on other grounds *657 F.2d 890 (7th Cir. 1981).*

131.    The District Court generally exercises jurisdiction in conformity with the laws of the United States; however, in cases where those laws are not adequate to furnish suitable remedies, state common law governs. 42 U.S.C. § 1988.

132.    Plaintiff Arogant Hollywood maintains that the Defendant Airbnb Inc., and each and all of them, are directly liable to Plaintiff Hollywood under 42 U.S.C.S. § 1981 for the deliberate and intentional actions of the Airbnb Inc. and their agents and/or partners and/or joint ventures and/or employees and/or representatives.

133.    Plaintiff Arogant Hollywood maintains alternately that Airbnb Inc. Defendant or Defendants is or are liable to Plaintiff Hollywood under 42 U.S.C. § 1981 pursuant to the doctrine of respondeat superior.

134.    Punitive damages are available under 42 U.S.C. § 1981.2 "[A] jury may be permitted to assess punitive damages" in a civil rights case "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves recklessness or callous indifference to the federally protected rights of others." *Smith v. Wade, 461 U.S. 30, 56 (1983)* (applying common law tort rules to action brought under 42 U.S.C. § 1983); **see also** *Kolstad v. American Dental Ass'n, 527 U.S. 526, 535 (1999)* (recognizing that Congress adopted the Wade standard in providing for punitive damages in Title II and ADA cases); *Bisbal-Ramos v. City of Mayaguez 467 F.3d 16, 25 (1st Cir. 2006)* (quoting Wade)

---

**Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED**
**-Page 33 of 108**

135.    Plaintiff Arogant Hollywood proffers that the same reasons that punitive damages are necessary to deter the Defendant from engaging in discriminatory conduct in the future, this Court should fashion an appropriate injunction ordering the Defendant Airbnb Inc. to take affirmative steps to prevent similar occurrences.

136.    Plaintiff Arogant Hollywood avers that this Court must impose injunction to force Airbnb Inc. to take steps to stop its discriminatory treatment of similarly situated African-American tenants and guests.

137.    On information and belief, Defendant Airbnb Inc. engaged in intentional discrimination based on Plaintiff Arogant Hollywood's perceived race, color, ethnicity, or ancestry, and caused Plaintiff Hollywood to suffer deprivation of his right make and enforce contracts, with deliberate and substantial disregard for Plaintiff's rights.

138.    Defendant Airbnb Inc.'s actions violated 42 U.S.C.S. § 1981, et seq. This Court cannot in good conscience remain silent while California citizens are subject to invidious racial discrimination.

139.    Plaintiff Arogant Hollywood had a contract with Defendants Airbnb Inc. Plaintiff created this contract by signing a written agreement to live at Airbnb Inc.'s listed residential rental located at 3164 Atwater Avenue, and honored this agreement by paying monies for rent exactly seven calendar days.

140.    Defendant Airbnb Inc. breached this contract when its general manager and employees banned Plaintiff permanently from Airbnb Inc.'s website for no cause of justification of Plaintiff engaging in any

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 34 of 108

141.    Defendant Airbnb Inc. breached this contract when its employees and managers told Plaintiff that he would have to check out his residential rented room On March 22nd 2015 for no reason at all.

142.    The employees and managers of Defendant Airbnb Inc. were at all relevant times agents and/or employees of Defendants Airbnb Inc. The employees and managers that intentionally discriminated against Plaintiff were at all times acting at the directions of agent of Defendants Airbnb Inc.

143.    The employees and managers for Airbnb Inc. were at all relevant times agents and/or employees of Defendant Airbnb Inc. The employees and managers that threatened to call law enforcement on Plaintiff Arogant Hollywood for no legitimate reason, were at all relevant times agents and/or employees of Defendants Airbnb Inc. The employees and managers that threatened to have Plaintiff trespassed from his residential rented room were at all relevant times agents and/or employees of Defendant Airbnb Inc.

144.    Plaintiff Arogant Hollywood seek, on his own behalf and the general public, full compensation for the discriminatory acts he suffered.

145.    As a direct, foreseeable, and proximate [14] result of and wrongful acts by Defendant Airbnb Inc. Plaintiff Arogant Hollywood suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, all to Plaintiff's damage in an amount to be proven at time of trial.

146.    As a further direct, foreseeable, and proximate result of said wrongful acts by Defendants Airbnb Inc. Plaintiff has incurred attorney's fees in an amount to be determined, for which Plaintiff

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 35 of 108

claims a sum to be established according to proof.

147.   The conduct of Defendant Airbnb Inc. and their agents and employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiff's civil rights, and done by managerial employees of Defendants Airbnb Inc. Plaintiff Arogant Hollywood is thereby entitled to an award of punitive damages against Defendant Airbnb Inc. in amount appropriate to punish and make an example of Defendants, and in an amount to conform to proof.

148.   **WHEREFORE**, Plaintiff Arogant Hollywood demands judgment against Defendant Airbnb Inc. and DOES 1-10, Inclusive on the tenth cause of action of the Plaintiff's complaint in the amount that will justly compensate Plaintiff Hollywood for his damages, together with costs and attorneys' fees in this action.

**REMAINING CAUSES OF ACTIONS ALLEGED BY BOTH ALISON HELEN FAIRCHILD & AROGANT HOLLYWOOD**

**SEVENTH CAUSE OF ACTION---VIOLATION OF 42 USC § 1985 (CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS) ALLEGED BY PLAINTIFFS AROGANT HOLLYWOOD & ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS BRIAN JOSEPH CHESKY, NATHAN BIECHARCZYK, JOSEPH GEBBIA JR., AIRBNB INC. & DOES 1-10 INCLUSIVE.**

149.   Plaintiffs Arogant Hollywood and Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-148.

150.   At all relevant times stated in this lawsuit Arogant Hollywood and Alison Helen Fairchild were paying residential tenants of AIRBNB INC. location 3164 Atwater Avenue, and both Plaintiffs

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 36 of 108

were current on their rent at the time of forceful entry and wrongful eviction.

151.    At all relevant times states in this lawsuit Defendants Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. were the cofounders and primary executives of Airbnb Inc., and were therefore responsible for the conduct, omissions, acts and actions of all of their Airbnb Inc. employees.

152.    At all relevant times, Defendants; location 3164 Atwater Avenue, Los Angeles, California general manager, supervisors and employees were employed by Airbnb Inc., and were fully involved with the interest of having Plaintiffs Alison Helen Fairchild and Arogant Hollywood discriminated against and removed from its premises permanently.

153.    This cause of action is brought against Defendants Airbnb Inc. Brian Chesky, Nathan Biecharczyk and Joseph Gebbia Jr., pursuant to its intentional and willful violations of Plaintiffs' civil rights under 42 USC § 1985.

154.    42 U.S.C. § 1985(3) provides citizens with a cause of action against private conspiracies to violation constitutional rights. No state action prerequisite exists for such lawsuits.

155.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild alleges conspiracy to interfere with his civil rights under 42 U.S.C. § 1985(3). Section 1985(3) provides, in pertinent part, that: "If two or more persons…go…on the premises of another, for the purpose of depriving…any person…of the equal protection of the laws, or of equal privileges and immunities under the laws, or for the purpose of preventing or hindering the constituted authorities…from giving or securing to all persons… the equal protection of the laws[;]…the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation…." *Id.* It is well settled that "[t]o state a claim under § 1985(3), there must be 'some racial, or perhaps otherwise class-based

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 37 of 108

invidiously discriminatory animus behind the conspirators' action.'" *Gedrich v. Fairfax County Dep't of Family Servs., 91 S.Ct. 1790, 29 L. Ed. 2d 338 (1971)).*

156.    Defendant conspirator(s) become the agent of the other conspirator(s), and any act done by one of the combination is regarded under the law as the act of both or all. In other words, what one does, if there is this combination, becomes the act of both or all of them, no matter which individual may have done it. This is true to each member of the conspiracy, even those whose involvement was limited to a minor role in the unlawful transaction, and it makes no difference whether or not such individual shared in the profits of the actions. (Am. Jur. Pleading and Practice Forms, Conspiracy § 9).

157.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild alleges that the Defendants Airbnb Inc., Brian Chesky, Nathan Biecharczyk and Joseph Gebbia Jr., and each of them, engaged in an illegal conspiracy to interfere with Plaintiffs Arogant Hollywood and Alison Helen Fairchild's civil rights in violation of 42 U.S.C. § 1985.

158.    Specifically, the Defendants Airbnb Inc. Brian Chesky, Nathan Biecharczyk and Joseph Gebbia Jr., and each of them, did, in violation of 42 U.S.C. § 1985(3), conspire with another for the purpose of depriving, either directly or indirectly, Plaintiff Arogant Hollywood as a member of the African-American (black) class of persons, of the equal protection of the laws, and of equal privileges and immunities under the laws.

159.    Specifically, the Defendants Airbnb Inc. Brian Chesky, Nathan Biecharczyk and Joseph Gebbia Jr., and each of them, did, in violation of 42 U.S.C. § 1985(3), conspire with another for the purpose of depriving, either directly or indirectly, Plaintiff Alison Helen Fairchild as a member of the disabled/handicapped class of persons, of the equal protection of the laws, and of equal privileges and immunities under the laws.

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 38 of 108

160.   As alleged herein, Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. maliciously conspired with conspirators/co-conspirators with the intent to injure Plaintiffs Arogant Hollywood and Alison Helen Fairchild. Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. and many of their employees of Airbnb Inc. violated § 1985 by each of them participating in plans and conspiracies to forcefully remove Plaintiffs, and by permanent banning Plaintiff Hollywood from use of Airbnb Inc.'s world-wide website. By engaging in these conspired acts together, and with multiple conspirators involved, Defendants Airbnb Inc. Brian Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. denied Plaintiffs Alison Helen Fairchild and Arogant Hollywood reasonable accommodation or to make and enforce contacts with Airbnb Inc., and by doing all the above, Defendants Airbnb Inc. Brian Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. violated Plaintiffs Arogant Hollywood and Alison Helen Fairchild's civil rights pursuant to 42 U.S.C.S. § 1985(3), and all of evil, cruel, malicious, and discriminatory acts were done solely, and specifically based on Plaintiff Hollywood's race and Plaintiff Fairchild's disability.

161.   Each act done in pursuance of the conspiracy by one of several conspirators is, in contemplation of law, an act for which each is jointly and severally liable, and this liability applies to damages accruing prior to the person's joining the conspiracy or thereafter and regardless of whether the person took a prominent or an inconspicuous part in the execution of the conspiracy. (Am. Jur. 2d Conspiracy §§ 70, 71).

162.   A civil conspiracy is a combination of two or more persons by some concerted action to accomplish some criminal or unlawful purpose, or to accomplish some purpose not in itself criminal or unlawful by criminal or unlawful means. The conspiratorial agreement need not be in any particular form, and need not extend to all the details of the conspiratorial scheme, so long as its primary purpose is to cause injury to another/Plaintiffs Arogant Hollywood and Alison Helen Fairchild. The gist of a civil conspiracy is not the unlawful agreement, but the damage resulting

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 39 of 108

from that agreement and its execution. The cause of the action is not created by the conspiracy, but by the wrongful acts done by the Defendants Airbnb Inc. Brian Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. to the injury of Plaintiffs Arogant Hollywood and Alison Helen Fairchild. (Am. Jur. Pleading and Practice Forms, Conspiracy § 7).

163. A conspiracy may be proved by circumstantial evidence. This is because people who engage in such agreements may not voluntarily proclaim to others their purpose, therefore, a reasonable person/mind may draw on circumstantial evidence to determine whether or not a conspiracy did exist.

164. A conspiracy may be established by interference from the nature of the acts complained of; the individual and collective interests of the alleged conspirators, the situation and relation of the parties at the time of the commission of the acts, the motives that produced them, and all of the surrounding circumstances preceding and attending the culmination of the common plan or design. (Am. Jur. Pleading and Practice Forms, Conspiracy § 8).

165. The Defendants Airbnb Inc. Brian Chesky, Nathan Biecharczyk and Joseph Gebbia Jr., each and every one of them, acquired, possessed, and maintained a general knowledge of the conspiracy's objectives to inflict wrongs against and/or injury on Plaintiffs Arogant Hollywood and Alison Helen Fairchild as described in this Complaint.

166. Plaintiffs Arogant Hollywood and Alison Helen Fairchild aver that Defendants Airbnb Inc. Brian Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. combined to engage in a scheme which was intended to violate the law and concealed and secreted same.

167. Plaintiffs Arogant Hollywood and Alison Helen Fairchild aver that Defendants Airbnb Inc. Brian Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. Airbnb Inc. combined to engage in a

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 40 of 108

scheme which was intended to violate the right of Plaintiff Arogant Hollywood.

168.   Plaintiffs Arogant Hollywood and Alison Helen Fairchild avers that Defendants Airbnb Inc. Brian Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. Airbnb Inc. combined to engage in a scheme which was intended to violate the rights of the public-at-large.

169.   The facts, evidence and legal conclusion set forth in this instant Complaint supports that Defendants (which consist of two or more persons): (a) engaged in conspiracy(ies) leveled against Plaintiffs Arogant Hollywood and Alison Helen Fairchild; (b) engaged in conspiracy(ies) to deter, intimidate, and threaten Plaintiffs Arogant Hollywood and Alison Helen Fairchild from engaging in protected activities (ie., making and enforcing contracts, making charges/filing lawsuits. Testifying, assisting or participating in enforcement proceedings) and performing duties owed as a citizen to report matters of public policy and/or public interest; and (c) engaged in conspiracy(ies) which resulted in injury/harm to Plaintiffs Arogant Hollywood and Alison Helen Fairchild. *Malley-Duff & Assoc. v. Crown Life Ins. Co., 792 F.2D 341 (3rd Cir. 1986)* judgment affirmed *483 U.S. 143 (1987); Chahal v. Paine Webber, 725 F.2d 20 (2nd Cir 1984)*.

170.   Although it is true that a corporation cannot conspire with itself, a conspiracy may be established where individual defendants are named and those defendants acted outside the scope of their employment for personal reasons. *Swann v. City of Dallas, 922 F.Supp. 1184 (N.D. Texas 1996)* (citing Garza v. City of Omaha, 814 F.2d 553, 556 (8th Cir. 1987)), aff'd, 131 F.3d 140 (5th Cir. 1997). The facts, evidence and legal conclusion contained in this instant Complaint will support that Defendants Airbnb Inc., Brian Chesky, Nathan Biecharczyk and Joseph Gebbia Jr.'s employees acted both within and outside the scope of their employment for personal reasons and bias towards Plaintiffs Arogant Hollywood and Alison Helen Fairchild. Moreover, said conspiracy(ies) was/were inspired and motivated by Defendants Brian Chesky, Nathan Biecharczyk and Joseph Gebbia Jr.'s engagement in systematic racial bias, discriminatory and retaliatory practices against Plaintiff

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 41 of 108

Arogant Hollywood because of his race (African-American/black), against Plaintiff Alison Helen Fairchild because of her disability, knowledge of their engagement in protected activities, and systematic discriminatory practices –discrimination, retaliation, and harassment—as well as a conspiracy based on Defendants' knowledge of Plaintiffs Arogant Hollywood and Alison Helen Fairchild's engagement in protected activities (i.e., discrimination for making charges/filing lawsuits, filing complaints with city and county agencies, testifying, assisting, or participating in litigation/proceedings), thereby conspiring to deprive Plaintiffs Arogant Hollywood and Alison Helen Fairchild rights secured and guaranteed under the Constitution and other laws of the United States.

171.    In doing the acts alleged, Defendants Airbnb Inc. Brian Chesky, Nathan Biecharczyk and Joseph Gebbia Jr.'s employees and agents also acted in their official capacities in regards to Studio Lodge Hotel by threatening to use force to remove both Plaintiffs.

172.    For these reasons, the Defendants Airbnb Inc. Brian Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. are liable for violation of 42 U.S.C. § 1985.

173.    Each Defendant conspirator is jointly and severally liable for all damages resulting from the conspiracy, and where that conspiracy is proven, any act done by any one of the two or more persons so conspiring, in furtherance of the common design and in accordance with the general plan, becomes the act of all, and each conspirator is responsible for such act. It is not necessary, in order to establish the liability of a participant in an unlawful conspiracy, to show that such person was a party to its contrivance at its inception. In other words, a conspiracy may start with a few participants and then add others as it progresses. If so, the conspirator who becomes a part of the conspiracy at or near the end is just as responsible for the damage that results as the one who was in it at the beginning. The actual time when any of them might have come into understanding makes no difference. Therefore, when it is shown that the individual who came in at a later date knew of

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED -Page 42 of 108

the unlawful design and willfully aided in its execution, such individual is chargeable with the consequences that flowed from the unlawful design.

174.    **WHEREFORE**, Plaintiffs Arogant Hollywood and Alison Helen Fairchild demands judgment against Defendants Airbnb Inc. Brian Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. and DOES 1-10, Inclusive, on the seventh cause of action of the Plaintiffs' complaint in the amount that will justly compensate both Plaintiffs for their damages, together with costs and attorneys' fees in this action.

**EIGHTH CAUSE OF ACTION---VIOLATION OF 42 USC § 1986 (NEGLECT TO PREVENT DEPRIVATION OF RIGHTS) ALLEGED BY PLAINTIFFS AROGANT HOLLYWOOD & ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS BRIAN JOSEPH CHESKY, NATHAN BIECHARCZYK, JOSEPH GEBBIA JR., AIRBNB INC. & DOES 1-10 INCLUSIVE.**

175.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-174.

176.    At all relevant times stated in this lawsuit Arogant Hollywood and Alison Helen Fairchild were paying residential tenants of AIRBNB INC. location 3164 Atwater Avenue, and both Plaintiffs were current on their rent at the time of forceful entry and wrongful eviction.

177.    At all relevant times states in this lawsuit Defendants Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. were the cofounders and primary executives of Airbnb Inc., and were therefore responsible for the conduct, omissions, acts and actions of all of their Airbnb Inc. employees.

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 43 of 108

178.   At all relevant times, Defendants; location 3164 Atwater Avenue, Los Angeles, California general manager, supervisors and employees were employed by Airbnb Inc., and were fully involved with the interest of having Plaintiffs Alison Helen Fairchild and Arogant Hollywood discriminated against and removed from its premises permanently.

179.   This cause of action is brought against Defendants Airbnb Inc. Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr., pursuant to its intentional and willful violations of Plaintiffs' civil rights under 42 USC § 1986.

180.   Plaintiffs Alison Helen Fairchild and Arogant Hollywood aver that 42 U.S.C. § 1986 creates a cause of action for the failure to prevent a conspiracy within the meaning of 42 U.S.C. § 1985:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in [42 U.S.C. § 1985], are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses to do so, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented.

181.   An essential element of a claim under 42 U.S.C. § 1986 is the existence of a § 1985(3) claim. *Williams v. St. Joseph Hospital, 629 F.2d 448, 451-452 (7ᵗʰ Cir. 1980).*

182.   Plaintiffs Arogant Hollywood and Alison Helen Fairchild aver that Defendants Airbnb Inc. Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. did, in violation of 42 U.S.C. § 1986, with knowledge of the wrongs conspired to be done at the request and instruction of one or more of the Defendants, were about to be committed, and having power to prevent or aid in preventing the commission of same, neglected or refused to do so, to wit: neglecting or refusing to prevent, with knowledge of a conspiracy to deprive, either directly or indirectly, Plaintiffs Arogant

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 44 of 108

Hollywood as a member of the African-American/black class of persons, Alison Helen Fairchild as a member of the disabled/handicapped person of the equal protection of the laws, and of the equal privileges and immunities under the laws.

183.    Defendants Airbnb Inc. Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. and several employees of Airbnb Inc. conspired to violate Plaintiffs Arogant Hollywood and Alison Helen Fairchild's civil rights by refusing to contract with Plaintiff Hollywood, by conspiring to forcefully remove by Plaintiffs from their residential rented room On March 22nd 2015.

184.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild aver that Defendants Airbnb Inc. Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr., and each of them, had knowledge of the § 1985 conspiracy(ies), the power to protect Plaintiffs Arogant Hollywood and Alison Helen Fairchild, and neglected or refused to protect Plaintiffs, and because of this Defendants Airbnb Inc., and each of them, are liable under § 1986. Further, at least one or more of Airbnb Inc. Defendants were bystanders who many not themselves have been conspirators under § 1985, yet remain liable under § 1986. After all, those with knowledge of the underlying conspiracy puts them in the optimal position to prevent it. A negligent failure to protect by an actor with knowledge of a § 1985 conspiracy and power to protect its victims is actionable. **See** *Clark v. Clabaugh, 20 F.3d 1290, 1298 (3d Cir. 1994) (finding that negligence is sufficient to maintain § 1986).*

185.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild aver that at least one or more of the Defendants could have stopped the conspiracy he or she was part of to violate Plaintiffs' civil rights on at least one, if not more, occasion. Plaintiffs Arogant Hollywood and Alison Helen Fairchild aver that the facts, evidence and legal conclusions alleged in this Complaint demonstrate that at least one or more of Airbnb Inc. Defendants had actual knowledge of the § 1985 conspiracy, that at least one or more of Defendants had the power to prevent or aid in preventing the commission of the § 1985 violations, that at least one or more of Defendants neglected or refused to

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 45 of 108

prevent the § 1985 conspiracy, and that one or more wrongful act(s) was committed by the conspirators.

186.    For these reasons, each Defendants Airbnb Inc. are liable under 42 U.S.C. § 1986 for all damages that he or she could have prevented with reasonable diligence. *Clark v. Clabaugh, 20 F.3d at 1298*.

187.    **WHEREFORE**, Plaintiffs Arogant Hollywood and Alison Helen Fairchild demands judgment against Defendants Airbnb Inc. Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. on the eighth cause of action of the Plaintiffs' complaint in the amount that will justly compensate both Plaintiffs for their damages, together with costs and attorneys' fees in this action.

**NINTH CAUSE OF ACTION--- VIOLATION OF CALIFORNIA CIVIL CODE OF PROCEDURE § 1159, 3164 ATWATER AVENUE, LOS ANGELES, CALIFORNIA, ALLEGED BY PLAINTIFFS AROGANT HOLLYWOOD & ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS AIRBNB INC. & DOES 1-10, INCLUSIVE.**

188.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-187.

189.    At all relevant times stated in this lawsuit Arogant Hollywood and Alison Helen Fairchild were paying residential tenants of AIRBNB INC. location 3164 Atwater Avenue, and both Plaintiffs were current on their rent at the time of forceful entry and wrongful eviction.

190.    At all relevant times Defendant's location 3164 Atwater Avenue, Los Angeles, California general manager, supervisors and employees were employed by Airbnb Inc., and were fully involved with the interest of having Plaintiffs Alison Helen Fairchild and Arogant Hollywood

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 46 of 108

discriminated against and removed from its premises permanently.

191.    At all relevant times Defendant's Airbnb Inc.'s general manager, supervisors and employees were employed by Airbnb Inc. and were fully involved with unlawful entry of Arogant Hollywood and Alison Helen Fairchild's residential rented room by forcefully entering their residential rented room, using law enforcement personnel to prevent them from reentering their home, and removing both Plaintiffs permanently from their home and making Plaintiffs trespassers of a home in which Plaintiffs were in peaceful possession thereof at the time of said alleged forceful entry.

192.    This cause of action is brought against Defendants Airbnb Inc. due to its intentional and willful violations of California Civil Code of Procedure § 1159.

193.    California Civil Code § 1946.5 (a) provides: The hiring of a room by a lodger on a period basis within a dwelling unit occupied by the owner may be terminated by either party giving written notice to the other of his or her intention to terminate the hiring, at least as long before the expiration of the term of the hiring as specified in Section 1946. The notice shall be given in a manner prescribed in Section 1162 of the Code of Civil Procedure for by certified or registered mail, restricted delivery, to the other party, with a return receipt requested.

194.    California Civil Code § 1946.5 (d) provides: This section applies only to owner-occupied dwellings where a single lodger resides. Nothing in this section shall be construed to determine or affect in any way the rights of persons residing as lodgers in an owner-occupied dwelling where more than one lodger resides.

195.    For the purpose of this cause of action, and causes of action stated thereafter at all relevant times Plaintiffs Arogant Hollywood and Alison Helen Fairchild made up two lodgers who could not

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 47 of 108

have been evicted from Airbnb Inc.'s residential rented room located at: 3164 Atwater Avenue without due process of law.

196.    On March 20th 2017 both Plaintiffs were in actual and peaceable possession of the premises located at: 3164 Atwater Avenue, in the City of Los Angeles, County of Los Angeles. ["The premises"].

197.    On or about that date, and without Plaintiffs' consent, Defendants Airbnb Inc., forcibly entered the premises by the following means: By using the assistance of L.A.P.D. peace officers to remove Plaintiffs from their residence without due process of law. By manipulating and deceiving Los Angeles police department peace officers so that officers would assist them in using forceful self-help tactics to prevent both Plaintiffs from re-entering their residential rented room or remaining on their real property for any period of time without being arrested for trespassing.

198.    Defendants Airbnb Inc. took possession of the premises, and have continued in possession to the date that this complaint was filed, without either Plaintiffs' consent.

199.    At all relevant times, the reasonable value of use of the premises has been **$ 5,000** per day. Damages have accrued at that rate, and will continue to accrue from the date of the forcible entry, until possession is returned to both Plaintiffs.

200.    As a proximate result of Defendants' acts, Plaintiffs Arogant Hollywood and Alison Helen Fairchild have suffered mental distress, discomfort, and annoyance. Damages in the amount to be determined at the time of trial, are being sought for forceful entry.

201.    Defendant Airbnb Inc.'s actions were committed intentionally, with full knowledge that defendants were forcibly entering and dispossessing plaintiffs. Therefore, Defendants' acts were

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 48 of 108

committed with malice, and the damages alleged in paragraphs 186 through 198 should be supplemented by statutory damages under **Code of Civ. Proc. C. § 1174(b).**

202.    Defendants Airbnb Inc. violated **Civ. Proc. C. § 1159** by evicting Plaintiffs Arogant Hollywood and Alison Helen Fairchild without permission from a superior court. A landlord's reentry is unlawful if it is forcible. Forcible entry is any entry that is not permitted by the tenant. No damage or actual violence is required. Right of re-entry is not a defense to an action for forcible entry. If a tenant is in peaceable actual possession, a defendant-landlord cannot assert a right of reentry that is provided for in a lease until he has gone through the judicial process. Any lease allowing for forcible entry would be void as contrary to public policy. The defendants' right of re-entry is not a defense to an action for forcible entry. Absent a voluntary surrender by the tenant, a landlord can only enforce his right of re-entry through the judicial process. **See *Jordan v. Talbot (1961) 55 C2d 597, 603*.** Defendants Airbnb Inc. violated **Civ. Proc. C. § 1159** when they removed the both Plaintiffs by contacting L.A.P.D. in order to request peace officers assist in its forceful entry of both Plaintiffs.

203.    **WHEREFORE,** Plaintiffs Arogant Hollywood and Alison Helen Fairchild demands judgment against Defendants Airbnb Inc. and DOES 1-10, Inclusive, on the ninth cause of action of the Plaintiffs' complaint in the amount that will justly compensate both Plaintiffs for their damages, together with costs and attorneys' fees in this action.

**TENTH CAUSE OF ACTION--- VIOLATION OF CALIFORNIA CIVIL CODE OF PROCEDURE § 1160, 3164 ATWATER AVENUE, LOS ANGELES, CALIFORNIA, ALLEGED BY PLAINTIFFS AROGANT HOLLYWOOD & ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS AIRBNB INC, & DOES 1-10, I (FORCIBLE DETAINER EXECUTED BY DEFENDANTS.**

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 49 of 108

204.   Plaintiffs Arogant Hollywood and Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-203.

205.   At all relevant times stated in this lawsuit Arogant Hollywood and Alison Helen Fairchild were paying residential tenants of AIRBNB INC. location 3164 Atwater Avenue, and both Plaintiffs were current on their rent at the time of forceful entry and wrongful eviction.

206.   At all relevant times Defendant's location 3164 Atwater Avenue, Los Angeles, California general manager, supervisors and employees were employed by Airbnb Inc., and were fully involved with the interest of having Plaintiffs Alison Helen Fairchild and Arogant Hollywood discriminated against and removed from its premises permanently.

207.   This cause of action is brought against Defendants Airbnb Inc. due to its intentional and willful violations of California Civil Code of Procedure § 1160.

208.   California Civil Code § 1946.5 (a) provides: The hiring of a room by a lodger on a period basis within a dwelling unit occupied by the owner may be terminated by either party giving written notice to the other of his or her intention to terminate the hiring, at least as long before the expiration of the term of the hiring as specified in Section 1946. The notice shall be given in a manner prescribed in Section 1162 of the Code of Civil Procedure for by certified or registered mail, restricted delivery, to the other party, with a return receipt requested.

209.   California Civil Code § 1946.5 (d) provides: This section applies only to owner-occupied dwellings where a single lodger resides. Nothing in this section shall be construed to determine or affect in any way the rights of persons residing as lodgers in an owner-occupied dwelling where more than one lodger resides.

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED -Page 50 of 108

210.    For the purpose of this cause of action, and causes of action stated thereafter at all relevant times Plaintiffs Arogant Hollywood and Alison Helen Fairchild made up two lodgers who could not have been evicted from Airbnb Inc.'s residential rented room located at: 3164 Atwater Avenue without due process of law.

211.    On March 22nd 2015, without Plaintiffs' consent, Defendant Airbnb Inc. entered and took possession of the premises.

212.    Defendant Airbnb Inc. forcibly prevented Plaintiffs from regaining possession of the premises by the following means: contacting the Los Angeles police department to prevent re-entry, and deny both Plaintiffs lawful possession of said premises and their Airbnb Inc. residential rented room.  Defendant Airbnb Inc.'s actions resulted in Alison Fairchild having a multiple sclerosis relapse attack on her frail body due to the stress caused by Defendants since March 22nd 2015. The pain and suffering that Alison Helen Fairchild endured, will result in damages of several millions of dollars.

213.    Defendant Airbnb Inc. have continued in possession of the premises to the date on which this complaint was filed, without Plaintiffs' consent.

214.    Defendants' actions were committed intentionally, with full knowledge that Defendants were forcibly entering and dispossessing Plaintiffs. Therefore, Defendants' acts were committed with malice, and the damages incurred by Plaintiff should be supplemented by statutory damages under

**Code of Civil Procedure § 1174(b)**

215.    **WHEREFORE**, Plaintiffs Arogant Hollywood and Alison Helen Fairchild demands judgment against Defendants Airbnb Inc. on the tenth cause of action of the Plaintiffs' complaint in

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 51 of 108

the amount that will justly compensate both Plaintiffs for their damages, together with costs and attorneys' fees in this action.

**ELEVENTH-CAUSE OF ACTION---CIVIL CONSPIRACY-- ALLEGED BY PLAINTIFFS AROGANT HOLLYWOOD & ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS BRIAN JOSEPH CHESKY, NATHAN BIECHARCZYK, JOSEPH GEBBIA JR., AIRBNB INC. & DOES 1-10 INCLUSIVE.**

216.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-215.

217.    At all relevant times stated in this lawsuit Arogant Hollywood and Alison Helen Fairchild were paying residential tenants of AIRBNB INC. location 3164 Atwater Avenue, and both Plaintiffs were current on their rent at the time of forceful entry and wrongful eviction.

218.    At all relevant times states in this lawsuit Defendants Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. were the cofounders and primary executives of Airbnb Inc., and were therefore responsible for the conduct, omissions, acts and actions of all of their Airbnb Inc. employees.

219.    At all relevant times Defendant's location 3164 Atwater Avenue, Los Angeles, California general manager, supervisors and employees were employed by Airbnb Inc., and were fully involved with the interest of having Plaintiffs Alison Helen Fairchild and Arogant Hollywood discriminated against and removed from its premises permanently.

220.    This cause of action is brought against Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr., due to its intentional and willful violations of Plaintiffs' civil rights.

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 52 of 108

221.   The elements of a civil conspiracy in the state of California are (1) the formation and operation of the conspiracy; (2) the wrongful act or acts done pursuant thereto, and (3) the damage resulting. See *Mosier v. Southern California Physicians Insurance Exchange (1998) 63 Cal.App.4th 1022, 1048 [74 Cal.Rptr.2d 550]*

222.   "[T]he major significance of the conspiracy lies in the fact that it renders each participant in the wrongful act responsible as a joint tortfeasor for all damages ensuing from the wrong, irrespective of whether or not he was a direct actor or regardless of the degree of his activity. See *Applied Equipment Corp., supra, 7 Cal. 4th at p. 511.*

223.   "The basis of a civil conspiracy is the formation of a group of two or more persons who have agreed to a common plan or design to commit a tortious act. The conspiring defendants must also have actual knowledge that a tort is planned and concur in the tortious scheme with knowledge of its unlawful purpose." *Kidron v. Movie Acquisition Corp. (1995) 40 Cal. App. 4th 1571, 1582 [47 Cal. Rptr. 2d 752].*

224.   A civil conspiracy is a combination of two or more persons to accomplish by concerted action a criminal or unlawful purpose or a lawful purpose by criminal or unlawful means. See *Parkinson Co. v. Building Trades Council (1908) 154 Cal. 581, 593, 98 P. 1027; Peskin v. Squires (1957) 156 Cal. App. 2d 240, 246, 319 P.2d 405]*

225.   It is a legal commonplace that the existence of a conspiracy may be inferred from circumstances, and that the conspiracy need not be the result of an express agreement but may rest upon tacit assent and acquiescence. See *Holder v. Home Savings & Loam Assn. of Los Angeles (1968) 267 Cal. App. 2d 91, 108 [72 Cal. Rptr. 704], Wyatt v. Union Mortgage Co. (1979) 24 Cal. 3d 773, 785, 786, 157 Cal. Rptr. 392, 598 P.2d 45.*

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 53 of 108

226.    The agreement of defendants to conspire need not be proved by direct evidence but may be shown by circumstantial evidence that tends to show a common intent. See *Peterson v. Cruickshank (1956) 144 Cal. App. 2d 148, 163, 300 P.2d 915.*

227.    Civil conspiracy in and of itself is not a tort. Thus, the labeling of an action as one for conspiracy to commit some tort is misleading since the cause of action for damages for conspiracy arises out of the commission of some wrongful act by one or more of the conspirators with damage resulting from it. *See Unruh v. Truck Ins. Exh. (1972) 7 Cal. 3d 616, 631, 102 CalRptr. 815, 498 P.2d 1063; Hendy v. Losse (1991) 54 Cal.3d 723, 732, 1 Cal. Rptr. 2d 543, 819 P.2d 1]*

228.    The advantage gained in alleging a conspiracy is that the act of one during the conspiracy is the act of all if done in furtherance of the conspiracy. See *Mox Inc. v. Woods (1927) 202 Cal. 675, 678, 262 P.302; De Vries v. Brumback (1960) 53 Cal. 2d 643, 2 Cal. Rptr. 764, 349 P.2d 532].*

229.    The liability of the defendants is thus joint and several. *See Lomita Land & Water Co. v. Robinson (1908) 154 Cal. 36, 46, 97 P.10, Prince v. Harting (1960) 177 Cal. App. 2d 720, 728, 2 Cal. Rptr. 545; Kesmodel v. Rand (2004) 119 Cal. App. 4th 1128, 1143 15 Cal. Rptr. 3d 1181]*

230.    If the conspiracy is sufficiently pleaded, each participant in the conspiracy may be responsible as a joint tortfeasor for all damages ensuing from the underlying wrong, regardless of whether he or she was a direct actor or of the degree of his or her activity. See Bank of Cal. V. Pan Am. Tire Corp. (1982) 132 Cal. App. 3d 843, 847-848, 183 Cal. Rptr. 4701.

231.    Liability for civil conspiracy may be imposed even if the defendant committed no overt act whatsoever and gained no benefit therefrom. See *Mox Inc. v. Woods (1927) 202 Cal. 675, 677-678, 262 P. 302; Wetherton v. Growers Farm Labor Ass'n (1969) 275 Cal. App. 2d 168, 176, 79 Cal. Rptr. 543].*

**Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED**
–Page 54 of 108

232.   Generally, those jointly and severally liable for tortious activity arising out of a conspiracy or concerted action include all those who in pursuance of a common plan or design to commit a tortious act, actively take part in it, further it by cooperation or request, lend aid or encouragement to the wrongdoers, or ratify and adopt his or her acts done by their benefit. See *Cully v. Blanca (1986) 186 Cal. App. 3d 1172, 1176, 231 Cal. Rptr. 279; Orser v. George (1967) 252 Cal. App. 2d 660, 667, 60 Cal. Rptr. 708; Sindell v. Abbott Labs (1980) 26 Cal. 3d 588, 604, 163 Cal. Rptr. 132, 607 P.2d 924]*

233.   A complaint for civil conspiracy states a cause of action only when it alleges the commission of a civil wrong that causes damage; although conspiracy may render additional parties liable for the wrong or increase the damages for which any one conspirator is liable, the conspiracy itself, no matter how atrocious, is not actionable without the wrong. See *Okin v. Superior Court (1981) 29 Cal. 3d 442, 454, 175 Cal. Rptr. 157, 629 P.2d 1369, Widdows v. Koch (1968) 203 Cal. App. 2d 228, 234, 69 Cal. Rptr. 464.*

234.   It is not essential that there be an agreement, as may be implied in the word "conspiracy", but it is essential that each particular defendant charged with responsibility proceeded tortuously, that is, with intent to commit a tort, or with negligence. See *Orser v. George (1967) 252 Cal. App. 2d 660, 667, 60 Cal. Rptr. 708].* Thus, each defendant is a tortfeasor, acting or failing to act in such a way as to be concurrent legal cause of the damage to the plaintiff. See *Summers v. Tice (1948) 33 Cal. 2d 80, 84-85, 199 P.2d 1; Orser v. George (1967), supra.*

235.   In one case, for example, the defendant was charged with conspiring with a doctor and sanitarium to falsely imprison the plaintiff in the sanitarium. The defendant was found liable as a conspirator. Although there was no direct evidence of an agreement between the defendant and the others charged in the conspiracy to falsely imprison the plaintiff, the fact that the defendant had a motive to want the sufficient to support the finding of conspiracy. See *Peterson v. Cruickshank,*

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 55 of 108

*supra, (1950) 144 Cal. App. 2d 148, 300 P.2d 915.*

236.    A person who joins a conspiracy after its inception is liable for acts of the conspiracy committed prior to the time of joining. See *De Vries v. Brumback (1960) 53 Cal. 2d 643, 2 Cal. Rptr. 764, 349 P.2d 532.*

237.    A person's membership in a conspiracy may be inferred from the nature of the acts done, the relation of the parties, and the interests of the conspirators. See *Wyatt v. Union Mortgage Co. (1979) 24 Cal 3d 773, 785, 157 Cal. Rptr. 392, 598 P.2d 45.*

238.    Agents and employees may be liable under a conspiracy theory even though they are acting on behalf of another.  See *Revert v. Hesse (1920) 184 Cal. 295, 302-303, 193 P. 943.*

239.    Furthermore, if a person has entered a conspiracy calling for joint action, it is not a defense that the person's actual participation amounted only to advising the active member of the conspiracy or acting as that member's agent. See *Wetherton v. Growers Farm Labor Ass'n (1969) 275 Cal. App. 2d 168, 177, 79 Cal. Rptr. 543.*

240.    The basis of conspiracy liability is always a wrongful act that causes damage to a plaintiff. See *Wise v. S. Pac. Co (1963) 223 Cal. App. 2d 50, 64, 35 Cal. Rptr. 652; Riner v. Paskan (1963) 213 Cal. App. 2d 499, 503-504, 28 Cal. Rptr. 846, Peter v. Cruickshank (1956) 144 Cal. App. 2d 163, 300 P.2d 915; Andrews v. Young (1937) 21 Cal. App. 2d 523, 526, 69 P.2d 891*

241.    Liability under a conspiracy theory exists when there has been formed and operated a conspiracy to accomplish a criminal or unlawful purpose or a lawful purpose by criminal or unlawful means which results in actual damage. See *Clark v. Leshner (1951) 106 Cal. App. 2d 403, 409 235 P.2d 71.*

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 56 of 108

242.    Although the act that causes plaintiff's damage must be wrongful, it need not be a criminal act nor constitute a statutory violation. See *Rogers v. Grua (1963) 215 Cal. App. 2d 1, 7, 30 Cal. Rptr. 39.*

243.    Liability may be founded on conspiracy to commit an act that constitutes a tort, see *Taylor v. S & M Lamp Co. (1961) 190 Cal. App. 2d 700, 706, 12 Cal. Rptr. 323.,* and a specific injury is not required. *Naverrete v. Meyer (2015) 237 Cal. App. 4th 1276, 188 Cal. Rptr. 3d 623.*

244.    A conspiracy involving the violation of a person's civil rights as defined by the Civil Code may be the basis of liability. See California Civil Code § 51 *et seq.*

245.    Such liability may be attach under the express language of the Code which provides aiding or inciting another to discriminate are liable for the damages. See California Civil Code § 52(a), (b)

246.    In addition, the common-law rule applicable to joint tortfeasors will serve to impose liability on those who are parties to an agreement or concerted action to violate the civil rights or another. See *Wagner v. O'Bannon (1969) 274 Cal. App. 2d 121, 132, 79 Cal. Rptr. 44*

247.    Liability for a conspiracy to violate the civil rights of a person may be found under federal law as well as state. Under Section 1983 of Title 42 of the United States Code, an action may be brought against any persons conspiring to deprive a person of any right, privilege, or immunity secured by the Constitution, as long as one of the conspirators is an agent of the state or the wrong was otherwise under color of state law. See *42 U.S.C. § 1983; Fonda v. Gray (9th Cir. 1983) 707 F.2d 435, 437*

248.    In addition, conspiracies to interfere with the civil rights of another are expressly actionable under the Code. See *42 U.S.C. § 1985, Life Ins. Co. of N. Am. V. Reichardt (9th Cir. 1979) 591 F.2d*

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 57 of 108

*499, 502-506.*

249.   Plaintiffs Arogant Hollywood and Alison Helen Fairchild avers that, on information and belief, Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. entered into an agreement and/or understanding and otherwise conspired with other named and yet unnamed Defendants to tortuously interfere with Plaintiffs Arogant Hollywood and Alison Helen Fairchild's civil rights under federal law.

250.   In furtherance of the conspiracy, Defendants' caused Plaintiffs Arogant Hollywood and Alison Helen Fairchild to be removed from their residential rented room for no reason at all. These actions were a violation of Plaintiffs' constitutional rights based on Plaintiff Hollywood race, and based on Plaintiff Fairchild's disability. These actions were in direct violation of Cal Civ Code § 1946.5. As similarly situated guests/tenants were treated differently, and one more than one Airbnb Inc. Defendant employee/agent conspired to injure Plaintiffs and deny them advantages, privileges and accommodations to stay at Studio Lodge Hotel.

251.   Plaintiffs Arogant Hollywood and Alison Helen Fairchild avers that upon information and belief, Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. combined and conspired wrongfully to discriminate against Plaintiffs for the purpose of injuring Plaintiffs Arogant Hollywood and Alison Helen Fairchild.

252.   As a direct and proximate result of Defendants' tortious acts committed in furtherance of the above-referenced conspiracy, Plaintiffs Arogant Hollywood and Alison Helen Fairchild have suffered actual damages and is entitled to the relief sough herein.

253.   As a direct and proximate result of Defendants' conduct, Plaintiffs Arogant Hollywood and Alison Helen Fairchild might be required to obtain mental health treatment in an amount to be

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 58 of 108

determined by proof at trial and will, in the future, be compelled to incur additional obligations for mental health treatment in an amount to be determined by proof at trial.

254.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild avers Defendants Airbnb Inc., are liable to Plaintiffs for actual and punitive damages given their civil conspiracy.

255.    Under the doctrine of respondeat superior, Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr., and/or the Airbnb Inc. employer of the conspiring Defendants and those JANE DOE and/or JOHN DOE Defendants involved is or are liable to Plaintiff Arogant Hollywood for actual and punitive damages given their employees', and possibly others', infliction of damages upon Plaintiffs Arogant Hollywood and Alison Helen Fairchild as aforesaid.

256.    **WHEREFORE**, Plaintiffs Arogant Hollywood and Alison Helen Fairchild demands judgment against Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. and DOES 1-10, Inclusive, on the sixteenth cause of action of the Plaintiffs' complaint in the amount that will justly compensate both Plaintiffs for their damages, together with costs and attorneys' fees in this action.

**TWELFTH CAUSE OF ACTION---NEGLIGENCE-- ALLEGED BY PLAINTIFFS AROGANT HOLLYWOOD AND ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS BRIAN JOSEPH CHESKY, NATHAN BIECHARCZYK, JOSEPH GEBBIA JR., AIRBNB INC. & DOES 1-10 INCLUSIVE**

257.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-256.

258.    At all relevant times stated in this lawsuit Arogant Hollywood and Alison Helen Fairchild

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 59 of 108

were paying residential tenants of AIRBNB INC. location 3164 Atwater Avenue, and both Plaintiffs were current on their rent at the time of forceful entry and wrongful eviction.

259.    At all relevant times states in this lawsuit Defendants Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. were the cofounders and primary executives of Airbnb Inc., and were therefore responsible for the conduct, omissions, acts and actions of all of their Airbnb Inc. employees.

260.    At all relevant times Defendant's location 3164 Atwater Avenue, Los Angeles, California general manager, supervisors and employees were employed by Airbnb Inc., and were fully involved with the interest of having Plaintiffs Alison Helen Fairchild and Arogant Hollywood discriminated against and removed from its premises permanently.

261.    This cause of action is brought against Defendants due to its intentional and willful violations of Plaintiffs' civil rights.

262.    In choosing to operate a residential hotel community open to the public, Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. undertook the duty to exercise reasonable care to operate and maintain the safety of the public who book, rented and leased rooms On Defendants' Airbnb Inc.'s world-wide website

263.    A cause of action for negligence requires Plaintiffs Arogant Hollywood and Alison Helen Fairchild establish (1) the Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. owed a duty of care to Plaintiffs Arogant Hollywood and Alison Helen Fairchild; (2) at least one or more of Defendants' breached that duty by a negligent act or omission; and (3) the Defendants Brian Joseph Chesky, Nathan Biecharczyk, Joseph Gebbia Jr. and Airbnb Inc.'s breach was the actual and proximate cause of Plaintiffs Arogant Hollywood and Alison Helen Fairchild's

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 60 of 108

injury(ies); and (4) Plaintiffs Arogant Hollywood and Alison Helen Fairchild suffered an injury or damages resulting from Defendants Brian Joseph Chesky, Nathan Biecharczyk, Joseph Gebbia Jr., and Airbnb Inc.'s breach.

264.    Negligence is governed by California Civil Code § 1714. The presumption of negligence based on violation of statute is governed by California Evidence Code § 669. Comparative negligence is governed by *Li v. Yellow Cab Co. (1975) 13 Cal. 3d 804, 119 Cal. Rptr. 858, 532 P.2d 1226.* Assumption of the risk is governed by *Knight v. Jewett (1992) 3 Cal. 4th 296, 11 Cal. Rptr. 858, 532 P.2d 1226.* Assumption of the risk is governed by *Knight v. Jewett (1992) 3 Cal. 4th 296, 11 Cal. Rptr. 2d 2, 834 P.2d 696.*

265.    The cause of action for negligence requires that the defendant breached a duty of care owed to the plaintiff or to a class of persons of which the plaintiff is a member. This is an indispensable prerequisite to the imposition of liability based on negligence See *Richards v. Stanley (1954) 43 Cal. 2d 60, 63, 271 P.2d 23; Valdez v. J.D. Diffenbaugh Co. (1975) 51 Cal. App. 3d 494, 505, 124 Cal. Rptr. 467].* The requirement of duty is an obligation, recognized by the law, requiring the actor to conform to a certain standard of conduct, for the protection of others against unreasonable risks. See *[Prosser and Keeton on the Law of Torts (5th ed. 1984) ch. 5, § 30, p. 164, Hilvar v. Union Ice Co. (1955) 45 Cal. 2d 30, 36-37, 286 P.2d 21; Peter W. v. San Francisco Unified Sch. Dist. (1976) 60 Cal. App. 3d 814, 822, 131 Cal. Rptr. 854].*

266.    Negligence is the omission to do something which a reasonable man, guided by those considerations which ordinary regulate the conduct of human affairs, would do, something which a prudent and reasonable man would not do. See *Jamison v. San Jose & S.C.R. Co. (1880) 55 Cal. 593, 1889 Cal LEXIS 328; Smith v. Whittier (1892) 95 Cal. 279, 30 P 529, 1892 Cal LEXIS 816; Henderson v. Los Angeles Traction Co. (1907) 150 Cal. 689, 89 P 976, 1907 Cal. LEXIS 573; Montijo v. Samuel Goldwyn, Inc. (1931) 113 Cal. App. 57, 297 P 949, 1931 (1941, Cal. App.) 44*

**Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED**
-Page 61 of 108

*Cal. App. 2d 236, 112 P2d 43, 1941 Cal App LEXIS 978.*

267.   Negligence is the failure to observe, for the protection of the interests of another person, that degree of care, precaution, and vigilance which the circumstances justly demand, whereby such other person suffers injury. See *Barret v. Southern Pacific Co. (1891) 91 Cal 296, 27 P 266, 1891 Cal LEXIS 1085; Coughman v. Harman (1933, Cal App) 135 Cal App 49, 26 P2d 851, 1933 Cal App LEXIS 138.*

268.   Negligence may consist of negative acts or careless omissions, and liability for injury sustained may attach not only for the result of one's deliberate negligent act, but also for his failure to exercise due care in the performance of his duty or the management of his property. See *Gibbons v. Naritoka (1929, Cal App) 102 Cal App 669, 283 P 845, 1929 Cal App LEXIS 150.*

269.   Negligence is a failure to exercise the degree of care in a given situation that a reasonable man under similar circumstances would exercise to protect others from harm. See *Donnelly v. Southern Pacific Co. (1941) 18 Cal. 2d 832, 129 P2d 353, 1942 Cal LEXIS 432.*

270.   Negligence is conduct which falls below standard established by law for protection of others against unreasonable risk of harm. See *Barbaria v. Independent Elevator Co. (1956, Cal App 1st Dist) 139 Cal App 2d 474, 293 P2d 855, 1956 Cal App LEXIS 2132.*

271.   Negligence may be passive in character, it may consist of heedlessly refraining from doing proper thing, and which circumstances call for activity, one who does not do what he should do is negligent. See *Berry v. Berry (1956, Cal App 4th Dist) 140 Cal App 2d 881, 296 P2d 7, 1956 Cal App LEXIS 2338.*

272.   Negligence is doing of some act which reasonably prudent person would not do or failure to

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 62 of 108

do something which reasonably prudent person would do actuated by those considerations which ordinary regulate conduct of human affairs; it is failure to use ordinary care in management of one's property or person. See *Cucuk v. Payne (1956, Cal App 4th Dist) 140 Cal App 2d 881, 296 P2d 7, 1956 Cal App LEXIS 2338.*

273.    Negligent conduct may be either act which actor as reasonable man should realize as involving unreasonable risk of causing invasion of interest of another, or failure to do act which is necessary for protection or assistance of another and which actor is under a duty to do. See *Coates v. Chinn (1958) 51 Cal 2d 304, 332 P2d 289, 1958 Cal LEXIS 234; Sprecher v. Adamson Companies (1981) 30 Cal 3d 358, 178 Cal Rptr 783, 636 P2d 1121, 1981 Cal LEXIS 196.*

274.    Active negligence is negligent conduct of active operations. See *Howard v. Howard (1960), Cal App 1st Dist) 195 Cal App 2d 809, 16 Cal Rptr 265, 1961 Cal App LEXIS 1526.*

275.    Defendants Airbnb Inc. executed negligence by their deliberate, willful and intentional tortious actions that violated city ordinances, state law regulations and federal laws.

276.    The elements necessary to establish a presumption of negligence arises from statutory violations are pursuant to California Evidence Code § 669 (a);

- The person violated a statute, ordinance, or regulation of a public entity;
- The violation directly and legally (proximately) caused death or injury to person or property;
- The death or injury resulted from an occurrence of the nature that the statute, ordinance, or regulation was designed to prevent; and
- The person suffering the death or injury to his or her person or property was one of the

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 63 of 108

class of persons for whose protection the statute, ordinance, or regulation was adopted.

277.    Plaintiffs commonly invoke statutory standards in negligence actions to establish a defendant's breach of duty. In these cases, proof of the defendant's violation of a statutory standard of conduct raises a presumption of negligence that may be rebutted only by evidence establishing a justification or excuse for the statutory violation. See *Ramirez v. Plough, Inc. (1993) 6 Cal. 4ᵗʰ 539, 547, 25 Cal. Rptr. 2d 97, 863 P.2d 1671.*

278.    Application of the presumption of negligence arising from a statutory violation means the court has adopted the conduct prescribed by the statute as the standard of care for a reasonable person under the circumstances. Therefore, a violation of the statute is presumed to be negligence. See *Casey v. Russell (1982) 138 Cal. App. 3d 379, 383, 188 Cal. Rptr. 181.* Once the presumption is established, the party against whom it operates has the burden of proving the nonexistence of the presumed negligence. See California Evidence Code § 606.

279.    Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. violated many state laws when they forcefully removed Plaintiffs Arogant Hollywood and Alison Helen Fairchild from their residential rented room for no reason at all.

280.    Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. violated many state laws when they forcefully removed Plaintiffs Arogant Hollywood and Alison Helen Fairchild in direct violation of California Civil Code § 1946.5.

281.    Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. violated many state laws when they forcefully removed Plaintiffs Arogant Hollywood and Alison Helen Fairchild from their residential rented room for no reason at all many federal laws after they

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 64 of 108

treated Plaintiff Arogant Hollywood differently than other white guests/tenants, and Plaintiff Alison Helen Fairchild different than other non-handicapped guests/tenants depriving both Plaintiffs of their constitutional rights.

282.    Defendants Airbnb Inc. Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. violated many state and federal laws when they permenantly banned Plaintiff Hollywood from using the Airbnb Inc. world-wide website.

283.    Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. violated many state and federal laws when they failed to relocate Plaintiff Alison Helen Fairchild to accessible handicapped residential hotel room.

284.    Because of the actions of Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr., an occurrence of an injury occurred to Plaintiffs Arogant Hollywood and Alison Helen Fairchild from March 22nd 2015 and until this present day suffered intense emotional and mental distress while being wrongfully discriminated against and mistreated by said Defendants at their residential rented location of Los Angeles, California.

285.    In negligence actions, the doctrine of res ipsa loguitur applies if the occurrence of an injury is of such a nature that it can be said, in light of past experience, that it probably was the result by someone and that the defendant probably is the person responsible. See *Gannon v. Elliot (1993) 19 Cal. App. 4th 1, 6, 23 Cal. Rptr. 2d 861*. In determining whether these probabilities exist with respect to a particular occurrence, the courts have relied on both expert testimony and common knowledge.

286.    The general conditions for the application of the doctrine are:
   - The accident must be of a kind that ordinary does not occur in the absence of someone's negligence.

---

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 65 of 108

■ It must be caused by an agency or instrumently within the defendant's exclusive control; and

■ It must not have been due to any voluntary action or contribution on the plaintiff's part.

See *Newing v. Cheatham (1975) 15 Cal. 3d 351, 359, 124 Cal. Rptr. 193, 540 P.2d 331.*

287.    Once these conditions have been met, a presumption affecting the burden of producing evidence is created [Evid. Code § 646(b)], requiring a finding of negligence unless the defendant introduces sufficient evidence to sustain a finding that either (1) the accident resulted from some cause other than the defendant's negligence, or (2) the defendant exercised due care in all possible respects in which he or she might have been negligent.

288.    Doctrines establishes defendant's negligence as matter of law if defendant fails to produce evidence sufficient to support a finding that he or she was not negligent or that any negligence on his or her part was not a proximate cause of the occurrence, the trier of fact may still find the defendant liable based on the facts that gave rise to the rise to the res ipsa presumption as well as the other evidence in the case. See California Evidence Code §§ 604, 646(c)

289.    The doctrine of res ipsa loguitur is applicable against more than one defendant if circumstances show a probability that all defendants were negligent. See *Zentz v. Coca-Cola Bottling Co. (1952) 39 Cal. 2d 436, 446, 247 P.2d 344.*

290.    The doctrine may be applied even though any one defendant could argue that it is more likely that the negligence of the other defendants was responsible for the plaintiff's injuries. See *Ybarra v. Spangard (1944) 25 Cal. 2d 486, 489-490, 154 P.2d 687.*

291.    A trespasser is a person who enters or remains upon land in the possession of another without a privilege to do so created by the possessor's consent or otherwise. A licensee is a person who is

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 66 of 108

privileged to enter or remain upon land by virtue of the possessor's consent, whether given by invitation or permission. A gratuitous licensee other than a business visitor. A business visitor is a person who is invited or permitted to enter or remain on land in the possession of another for a purpose directly or indirectly connected with business dealings between them. For all purposes of every single allegation mentioned throughout this complaint. Plaintiffs Arogant Hollywood and Alison Helen Fairchild were gratuitous licensees of Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr.'s residential rented room located at: 3164 Atwater Avenue at all relevant times of Defendants' negligence mentioned and stated herein. See Restatement of the Law, Torts, § 329, *et seq.; Osttinger v. Stewart, 24 Cal. 2d 133, 136, 148 P.2d 19, 156 A.L.R. 1221.*

292.    Two doctrines may be implicated in assessing liability against an employer. One doctrine is respondeat superior, pursuant to which the employer is indirectly or vicariously liable for torts committed by its employees within the scope of their employment. The other doctrine is an agency theory pursuant to which an employer may be directly liable for acts of its agents. Vicarious liability based on the tort doctrine of respondeat superior and direct liability based on the theory of actual or ostensible agency are different liability theories which cases do not always distinguish between. See *Myers v. Trendwest Resorts, Inc., (2007) 148 Cal. App. 4th 1403, 56 Cal. Rptr. 3d 501*

293.    The doctrine is a departure from the general tort principle that liability is based on fault. [Citation.] It is ' "a rule of policy, a deliberate allocation of a risk." ' [Citations.] Respondeat superior is based on ' "a deeply rooted sentiment" ' that it would be unjust for an enterprise to disclaim responsibility for injuries occurring in the course of its characteristic activities. [Citations.] [P] Recently, we articulated three reasons for applying the doctrine of respondeat superior: (1) to prevent recurrence of the tortious conduct; (2) to give greater assurance of compensation for the victim; and (3) to ensure that the victim's losses will be equitably borne by those who benefit  from the enterprise that gave rise to the injury. [Citations.].  For the doctrine of respondeat superior to

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 67 of 108

apply, the plaintiff must prove that the employee's tortious conduct was committed within the scope of employment. [Citation.] 'A risk arises out of the employment when "in the context of the particular enterprise an employee's conduct is not so unusual or startling that it would seem unfair to include the loss resulting from it among other costs of the employer's business. [Citations. ] In other words, where the question is one of vicarious liability, the inquiry should be whether the risk was one 'that may fairly be regarded as typical of or broadly incidental' to the enterprise undertaken by the employer. [Citation.]" ' [Citation.]. Tortious conduct that violates an employee's official duties or disregards the employer's express orders may nonetheless be within the scope of employment. [Citations.] So may acts that do not benefit the employer [citation], or are willful or malicious in nature [citations]. [P] The doctrine of respondeat superior applies to public and private employers alike." *(Mary M., supra, 54 Cal. 3d at pp. 208-209; accord, Perez v. Van Groningen & Sons, Inc. (1986) 41 Cal. 3d 962, 968 [227 Cal. Rptr. 106, 719 P.2d 676].); Maria D. v. Westec Residential Sec., 85 Cal. App. 4th 125, 102 Cal. Rptr. 2d 326, 2000 Cal. App. LEXIS 913.*

294.    The doctrine of respondeat superior provides that the employer, as the employee's master, is called to answer for the tortious acts of his servant, the employee, when those acts occur in the course and scope of the employee's employment.

295.    Such liability is not predicated on the negligence of the employer, but upon the acts of the employee, whether those acts occurred while the employee was going about the employer's business, and the agency principles that characterize the employer-employee relationship.

296.    Just as an employee can act to cause another's injury in a tortious manner, so can an employer be independently liable in tort.

297.    At all times as alleged herein, the individual defendants, JANE DOES, JOHN DOES, were

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 68 of 108

acting both individually and within the course and scope of their employment with Airbnb Inc.'s website, and with Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr.

298.   Under the doctrine of respondeat superior, Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. are liable in actual and punitive damages to Plaintiffs Arogant Hollywood and Alison Helen Fairchild for its employees', agents' and representatives' negligence, recklessness, gross negligence, willfulness, and wantonness as aforesaid.

299.   Plaintiffs Arogant Hollywood and Alison Helen Fairchild avers that Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. were negligent, reckless, grossly negligent, willful, and wanton, and malicious, and breach their duty with respect to Plaintiffs Arogant Hollywood and Alison Helen Fairchild by:

a. Failing to exercise due care under the circumstances;

b. Failing to sufficiently monitor Plaintiffs' interaction with Airbnb Inc. personnel;

c. Failing to properly train Airbnb Inc. staff to ensure the safety of Plaintiffs Arogant Hollywood and Alison Helen Fairchild;

d. Failing to institute and/or enforce adequate policy and procedure to protect Plaintiffs Arogant Hollywood and Alison Helen Fairchild from abuse by Airbnb Inc. employees, and

All other JOHN DOE and/or JANE DOE defendants;

e. Intentionally banning Plaintiff Hollywood from use of Airbnb Inc. website, for no cause of wrongdoing on the part of either Plaintiffs;

f. Condoning all wrongful acts alleged throughout this complaint done by employees of Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joe Gebbia;

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 69 of 108

g. By forcefully removing both Plaintiffs from their residential rented room;

h. Any other particulars which may be shown at trial.

300.    As a direct and proximate result of the negligence, recklessness, gross negligence, willfulness, and wantonness as aforesaid, Plaintiffs Arogant Hollywood and Alison Helen Fairchild sustained injuries and damages including, without limitation, embarrassment, loss of their real property, humiliation, pain and suffering, inconvenience, frustration, mental anguish, and attorney's fees.

301.    Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. are liable to Plaintiffs Arogant Hollywood and Alison Helen Fairchild for actual and punitive damages given their negligence, recklessness, gross negligence, willfulness, and wantonness.

302.    Under the doctrine of respondeat superior, Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr., and all JOHN DOE and/or JANE DOE Defendants involved is or are liable to Plaintiffs Arogant Hollywood and Alison Helen Fairchild for actual and punitive damages given their employees', and possibly others', infliction of damages upon Plaintiffs Arogant Hollywood and Alison Helen Fairchild as aforesaid.

303.    **WHEREFORE**, Plaintiffs Arogant Hollywood and Alison Helen Fairchild demands judgment against Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. on the twelfth cause of action of the Plaintiffs' complaint in the amount that will justly compensate both Plaintiffs for their damages, together with costs and attorneys' fees in this action.

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 70 of 108

**THIRTEENTH CAUSE OF ACTION---NEGLIGENCE SUPERVISION and/or RETENTION-- ALLEGED BY PLAINTIFFS AROGANT HOLLYWOOD & ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS BRIAN JOSEPH CHESKY, NATHAN BIECHARCZYK, JOSEPH GEBBIA JR., AIRBNB INC. & DOES 1-10 INCLUSIVE**

304.     Plaintiffs Arogant Hollywood and Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-305.

305.     At all relevant times stated in this lawsuit Arogant Hollywood and Alison Helen Fairchild were paying residential tenants of AIRBNB INC. location 3164 Atwater Avenue, and both Plaintiffs were current on their rent at the time of forceful entry and wrongful eviction.

306.     At all relevant times states in this lawsuit Defendants Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. were the cofounders and primary executives of Airbnb Inc., and were therefore responsible for the conduct, omissions, acts and actions of all of their Airbnb Inc. employees.

307.     At all relevant times Defendant's location 3164 Atwater Avenue, Los Angeles, California general manager, supervisors and employees were employed by Airbnb Inc., and were fully involved with the interest of having Plaintiffs Alison Helen Fairchild and Arogant Hollywood discriminated against and removed from its premises permanently.

308.     This cause of action is brought against Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr., due to its intentional and willful violations of Plaintiffs' civil rights.

309.     In choosing to operate a residential hotel community open to the public, Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. undertook the duty to

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 71 of 108

exercise reasonable care to operate and maintain the safety of the public who book, rented and leased rooms On Defendants' Airbnb Inc. website

310.    At the time, Plaintiffs Arogant Hollywood and Alison Helen Fairchild sought reasonable accommodations from Airbnb Inc., each individual Defendant was acting both individually and within the course and scope of his or her employment with Airbnb Inc. and Defendants Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr.

311.    At the time, Plaintiff Arogant Hollywood was racially discriminated against each and every individual Defendant was acting both individually and within the course and scope of his or her employment with Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr.

312.    At the time, Plaintiff Alison Helen Fairchild was discriminated against based on her disability each individual Defendant was acting both individually and within the course and scope of his or her employment with Defendants Airbnb Inc. Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr.

313.    At the time, Plaintiffs Arogant Hollywood and Alison Helen Fairchild were fraudulently evicted by way of an illegal and unlawful forceful entry each individual Defendant was acting both individually and within the course and scope of his or her employment with Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr..

314.    At the time of Airbnb Inc.'s unlawful removal of Plaintiffs' from their residential real property without due process of law. Plaintiffs was peacefully in lawful possession thereof, each individual Defendant was acting individually and within the scope of his or her employment with Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr..

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 72 of 108

315.    In choosing to operate the online Airbnb Inc. website and offer residential rented rooms and properties hotel in California, Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. undertook the duty to exercise reasonable care in hiring, retaining and supervising its employees, agents or representatives of Airbnb Inc.

316.    California case law recognizes the theory that an employer can be liable to a third person for negligently hiring, supervising, or retaining an unfit employee. See *Doe v. Capital Cities (1996) 50 Cal. App.4th 1038, 1054 [58 Cal. Rptr. 2d 122].*

317.    "Negligence liability will be imposed on an employer if it knew or should have known that hiring the employee created a particular risk or hazard and that particular harm materializes. See *Phillips v. TLC Plumbing, Inc. (2009) 172 Cal. App. 4th 1133, 1139 [91 Cal. Rptr. 3d 864].*

318.    Liability for negligent hiring and supervision is based upon the reasoning that if an enterprise hires individuals with characteristics which might pose a danger to customers or other employees, the enterprise should bear the loss caused by the wrongdoing of its incompetent or unfit employees. The tort has developed in California in factual settings where the plaintiff's injury occurred in the workplace, or the contact between the plaintiff and the employee was generated by the employment relationship. See *Mendoza v. City of Los Angeles (1998) 66 Cal. App. 4th 1333, 1339-1340 [78 Cal. Rptr. 2d 525].*

319.    Restatement Third of Agency, section 7.05(1) states: "A principal who conducts an activity through an agent is subject to liability for harm to a third party caused by the agent's conduct if the harm was caused by the principal's negligence in selecting, hiring, retaining, supervising or otherwise controlling the agent."

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 73 of 108

320.    If an employee acts under the direction of his or her employer, the employer participates in the act, and the employer's liability is based on the employer's own fault, rather than on respondeat superior or vicarious liability. See *Jensen v. Southern Pac. Co. (1954) 129 Cal. App. 2d 67, 70, 276 P.2d 703.*

321.    Greater damages against employer than against the supervisory employees could be made when evidence supports a finding that the employer participated in the discriminatory conduct through the ratification of its employee's conduct. See *Roberts v. Ford Areospace & Commc'ns Corp. (1990) 224 Ca. App. 3d 793, 800-802.*

322.    Where an employer ratifies his or her employee's negligent or intentional tort, the employer is subject to direct liability. By ratifying the employee's tortious conduct, the employer makes the conduct his or her own. See *Jameson v. Gavett (1937) 22 Cal. App. 2d 646, 651-652, 71 P.2d 937.*

323.    An employer's conduct with respect to his or her employee's tortious act, or the employer's knowledge of the tortious act, can support a finding that the employer ratified the tortious conduct. See *Jameson v. Gavett (1937) 22 Cal. App. 2d 646, 651-652, 71 P.2d 937; Coats v. Construction & Gen. Laborers Local No. 185 (1971) 15 Cal. App. 3d 908, 913-915, 93 Cal. Rptr. 639.*

324.    The doctrine of respondeat superior provides that an employer or principal is vicariously liable for the wrongful conduct of his or her employees or agents committed within the scope of the employment or agency. See *Perez v. Van Groningen & Sons, Inc. (1986) 41 Cal. 3d 962, 967, 227 Cal. Rptr 106, 719 P.2d 676.*

325.    An employee is one who is subject to his or her employer's right of control with respect to any act, labor, or work to be done in the course and scope of the employment. If a person is performing work and labor for another, a prima facie showing of an employer/employee relationship

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 74 of 108

is established, and the person is presumed to be an employee in the absence of contrary evidence. See *Gipson v. Davis Realty Co. (1963) 215 Cal. App. 2d 190, 205, 30 Cal. Rptr. 253; Pierson v. Holly Sugar Corp. (1951) 107 Cal. App. 2d 298, 301, 237 P.2d 28.*

326.     The key factor in determining whether an employer/employee relations exists rather than an independent contractor relationship is whether the employer has the right to exercise control over the employee with respect to the means and manner of the performance of the work, regardless of whether or not that potential control is actually exercised with respect to all of the employee's duties. The fact that there is a certain amount of freedom inherent in the nature of the employee's work does not mean that an employment relationship does not exist. See *City of Los Angeles v. Vaughn (1961) 55 Cal. 2d 198, 201, 10 Cal. Rptr 457, 358 P.2d 913; Societa per Azioni de Navigazione Italia v. City of Los Angeles (1982) 31 Cal. 3d 446, 458, 183 Cal. Rptr. 51 645 P.2d 102; Briggs v. Lawrence (1991) 230 Cal App. 3d 605, 615, 281 Cal. Rptr. 578.*

327.     Under the doctrine of respondeat superior, an employer is vicariously liable for the torts committed by his or her employees, provided that the torts are committed within the scope of the employment. See *Munyon v. Ole's, Inc. (1982) 136. App. 3d 697, 701, 186 Cal. Rptr. 424.*

328.     Specific conduct by an employee is considered to be within the scope of his or her employment if either: (1) the employee's act or conduct was "foreseeable;" or (2) the employee's act or conduct was required by or incident to his or her duties, regardless of whether it could be foreseen by the employer. See *Jeffrey E. v. Central Baptist Church (1988) 197 Cal. App. 3d 718, 243 Cal. App. 3d 718, 722, 243 Cal. Rptr. 128; Alma W. v. Oakland Unified Sch. Dist. (1981) 123 Cal. App. 3d 133, 141-142, 176 Cal. Rptr. 287; Golden W. Broadcasters Inc. v. Superior Court (1981) 114 Cal. App. 3d 947, 956-957, 171 Cal. Rptr. 98.*

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 75 of 108

329.    Regardless of whether the employee's conduct was foreseeable, the conduct will be found to be within the scope of employment if there is a sufficient nexus between the conduct and the duties of his or her employment. See *Jeffrey E. v. Central Baptist Church (1988) 197 Cal. App. 3d 718, 722, 243 Cal. Rptr. 128; Munyon v. Ole's Inc. (1982) 136 Cal. App. 3d 697, 701, 186 Cal. Rptr. 424; Golden W. Broadcasters, Inc. v. Superior Court (1981) 114 Cal. App. 3d 947, 956, 171 Cal. Rptr. 95; Alma W. v. Oakland Unified Sch. Dist. (1981) 123 Cal App. 3d 133, 139, 176 Cal. Rptr. 287.*

330.    An employee's conduct is foreseeable if the conduct is not so unusual or starling that it would seem unfair to include the loss resulting from such conduct among the other costs of the employer's business. See *Mary M. v. City of Los Angeles (1991) 54 Cal. 3d 202, 209, 285 Cal. Rptr. 99, 814 P.2d 1341; Perez v. Van Groningen & Sons, Inc. (1986) 41 Cal. 3d 962, 968, 227 Cal. Rptr. 106, 719 P.2d 676; Alma W. v. Oakland Unified Sch. Dist. (1981) 123 Cal. App. 3d 133, 141-142; Golden W. Broadcasters, Inc. v. Superior Court (1981) 114 Cal. App. 3d 947, 956-957, 171 Cal. Rptr. 95.*

331.    The doctrine of respondeat superior provides that the employer, as the employee's master, is called to answer for the tortious acts of his servant, the employee, when those acts occur in the course and scope of the employee's employment. Such liability is not predicated on the negligence of the employer, but upon the acts of the employee, whether those acts occurred while the employee was going about the employer's business, and the agency principles that characterize the employer-employee relationship.

332.    Each Defendant had the authority to supervise, prohibit, control, and/or regulate the other Defendants so as to prevent these acts and omissions from occurring.

---

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 76 of 108

333.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild avers that Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. were negligent, reckless, grossly negligent, willful, and wanton, and malicious, and breach their duty with respect to Plaintiffs Arogant Hollywood and Alison Helen Fairchild by:

        a.  Failing to exercise due care under the circumstances;

        b.  Failing to sufficiently monitor Plaintiffs' interaction with Airbnb Inc.'s personnel;

        c.  Failing to properly train Airbnb Inc. staff to ensure the safety of Plaintiffs Arogant Hollywood and Alison Helen Fairchild;

        d.  Failing to institute and/or enforce adequate policy and procedure to protect Plaintiffs Arogant Hollywood and Alison Helen Fairchild from abuse by Airbnb Inc. employees, and

        All other JOHN DOE and/or JANE DOE defendants;

        e.  Intentionally banning Plaintiff Hollywood for using Airbnb Inc. world-wide website, for no cause of wrongdoing on the part of either Plaintiffs;

        f.  Condoning all wrongful acts alleged throughout this complaint done by employees of Defendants Airbnb Inc.

        g.  By forcefully removing both Plaintiffs from their residential rented room;

        h.  Any other particulars which may be shown at trial.

        i. Mishandling its interactions with Plaintiffs with respect to the events alleged herein; and

        j. Any other particulars which may be shown at trial.

334.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild aver that Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. knew or reasonably should have known that unless they intervened to protect Plaintiffs Hollywood and Plaintiff Fairchild, and properly supervise, prohibit, control and/or regulate the conduct of the other Defendants, those

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 77 of 108

Defendants would perceive their acts and omissions as being ratified and condoned.

335. Plaintiffs Arogant Hollywood and Alison Helen Fairchild aver that Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. failed to exercise due care by failing to supervise, prohibit, control, or regulate the remaining Defendants and/or by failing to protect Plaintiffs Arogant Hollywood and Alison Helen Fairchild. As a direct and proximate result of the negligence, recklessness, gross negligence, willfulness, and wantonness as aforesaid, Plaintiffs Arogant Hollywood and Alison Helen Fairchild suffered and continued to suffer injuries and damages including, without limitations, embarrassment, humiliation, loss of their real property, pain and suffering, inconvenience, frustration, mental anguish, and attorney's fees, all in the amount to be determined at trial.

336. Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. failed to exercise due care by failing to supervise, prohibit control, or regulate the remaining Defendants and/or by failing to protect Plaintiffs Arogant Hollywood and Alison Helen Fairchild.

337. Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr.. are liable to Plaintiff Arogant Hollywood for actual and punitive damages given their negligence, recklessness, gross negligence, willfulness, and wantonness.

338. Under the doctrine of respondeat superior, Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. and those JOHN DOE and/or JANE DOE Defendants involved is or are liable to Plaintiffs Arogant Hollywood and Alison Helen Fairchild for actual and punitive damages given their employees', and possibly others', infliction of damages upon Plaintiffs as aforesaid.

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 78 of 108

339.   **WHEREFORE**, Plaintiffs Arogant Hollywood and Alison Helen Fairchild demands judgment against Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. Airbnb Inc. on the thirteenth cause of action of the Plaintiff's complaint in the amount that will justly compensate both Plaintiffs for their damages, together with costs and attorneys' fees in this action.

**FOURTEENTH CAUSE OF ACTION--- GROSS NEGLIGENCE AS ALLEGED BY PLAINTIFFS AROGANT HOLLYWOOD & ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS BRIAN JOSEPH CHESKY, NATHAN BIECHARCZYK, JOSEPH GEBBIA JR., AIRBNB INC. & DOES 1-10.**

340.   Plaintiffs Arogant Hollywood and Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-341.

341.   At all relevant times stated in this lawsuit Arogant Hollywood and Alison Helen Fairchild were paying residential tenants of AIRBNB INC. location 3164 Atwater Avenue, and both Plaintiffs were current on their rent at the time of forceful entry and wrongful eviction.

342.   At all relevant times states in this lawsuit Defendants Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. were the cofounders and primary executives of Airbnb Inc., and were therefore responsible for the conduct, omissions, acts and actions of all of their Airbnb Inc. employees.

343.   At all relevant times Defendant's location 3164 Atwater Avenue, Los Angeles, California general manager, supervisors and employees were employed by Airbnb Inc., and were fully involved with the interest of having Plaintiffs Alison Helen Fairchild and Arogant Hollywood discriminated against and removed from its premises permanently.

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 79 of 108

344.    Gross negligence long has been defined in California and other jurisdictions as either a want of even scant care or an extreme departure from the ordinary standard of conduct. See *City of Santa Barbara, supra, 41 Cal.4th at page 754.*

345.    Gross negligence is pleaded by alleging the traditional elements of negligence: duty, breach, causation, and damages. However, to set forth a claim for gross negligence the plaintiff must allege extreme conduct on the part of the defendant. See *Rosencrans v. Dover Images, Ltd. (2011) 192 Cal.App.4th 1072, 1082 [122 Cal.Rprt.3d 22].*

346.    The theory that there are degrees of negligence has been generally criticized by legal writers, but a distinction has been made in this state between ordinary and gross negligence. Gross negligence has been said to mean the want of even scant care or an extreme departure from the ordinary standard of conduct. See *Van Meter v. Bent Constr. Co. (1956) 46 Cal.2d 588, 6=594 [297 P.2d 644]; Donnelly v. Southern Pac. Co, 18 Cal.2d 863, 871 [118 P.2d 4651].*

347.    Prosser on Torts (1941) page 260, also cited by the *Van Meter* court for its definition of gross negligence, reads as follows. Gross Negligence. This is very great negligence, or the want of even scant care. It has been described as a failure to exercise even that care which a careless person would use. Many courts, dissatisfied with a term so devoid of all real content, have interpreted it as requiring willful misconduct, or recklessness, or such utter lack of all care as will be evidence of either—sometimes on the ground that this must have been the purpose of the legislature. But most courts have considered that gross negligence falls short of reckless disregard of consequences, and differs from ordinary negligence only in degree, and not in kind. ***So far as it has any accepted meaning, it is merely an extreme departure from the ordinary standard of care.*** See *Decker v. City of Imperial Beach (1989) 209 Cal.App.3d at page 358.*

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 80 of 108

348.    Defendants Airbnb Inc. Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. were grossly negligent by their employees forcefully removing both Plaintiffs from their residential rented room.

349.    Defendants Airbnb Inc. Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. were grossly negligent by their Airbnb Inc. employees assisting host Cecelia Shutan with wrongfully evicting and forcefully removing Plaintiffs Arogant Hollywood and Alison Helen Fairchild a residence that they were peacefully in possession of at the time of alleged forceful entry.

350.    Defendants Airbnb Inc. Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. were grossly negligent by their Airbnb Inc. employees forcefully removing Plaintiffs Arogant Hollywood and Alison Helen Fairchild without due process of law

351.    Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. were grossly negligent by their employees threatening to remove a disabled/handicapped Alison Helen Fairchild from her residential rented room for no reason at all.

352.    Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. were grossly negligent by their employees intentionally banning Plaintiff Arogant Hollywood from using Airbnb Inc.'s world-wide website.

353.    Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. are liable to Plaintiffs Arogant Hollywood and Alison Helen Fairchild for actual and punitive damages given their negligence, recklessness, gross negligence, willfulness, and wantonness.

354.    Under the doctrine of respondeat superior, Defendants Airbnb Inc. and those JOHN DOE and/or JANE DOE Defendants involved is or are liable to Plaintiffs Arogant Hollywood and Alison

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 81 of 108

Helen Fairchild for actual and punitive damages given their employees', and possibly others', infliction of damages upon Plaintiffs as aforesaid.

355.    **WHEREFORE**, Plaintiffs Arogant Hollywood and Alison Helen Fairchild demands judgment against Defendant Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. on the fourteenth cause of action of the Plaintiffs' complaint in the amount that will justly compensate both Plaintiffs for their damages, together with costs and attorneys' fees in this action.

**FIFTEENTH CAUSE OF ACTION---NEGLIGENT INTENTIONAL INFLICTION OF EMOTION DISTRESS ALLEGED BY PLAINTIFFS AROGANT HOLLYWOOD & ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS BRIAN JOSEPH CHESKY, NATHAN BIECHARCZYK, JOSEPH GEBBIA JR., AIRBNB INC. & DOES 1-10.**

356.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-355.

357.    At all relevant times stated in this lawsuit Arogant Hollywood and Alison Helen Fairchild were paying residential tenants of AIRBNB INC. location 3164 Atwater Avenue, and both Plaintiffs were current on their rent at the time of forceful entry and wrongful eviction.

358.    At all relevant times states in this lawsuit Defendants Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. were the cofounders and primary executives of Airbnb Inc., and were therefore responsible for the conduct, omissions, acts and actions of all of their Airbnb Inc. employees.

359.    At all relevant times Defendant's location 3164 Atwater Avenue, Los Angeles, California general manager, supervisors and employees were employed by Airbnb Inc., and were fully involved with the interest of having Plaintiffs Alison Helen Fairchild and Arogant Hollywood

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 82 of 108

discriminated against and removed from its premises permanently.

360.    This cause of action is brought against Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. due to its intentional and willful violations of Plaintiffs' civil rights.

361.    The California Supreme Court has allowed plaintiffs to bring negligent infliction of emotion distress actions as "direct victims" in only three types of factual situations: (1) the negligent mishandling of corpses *(Christensen v. Superior Court (1991) 54 Cal. 3d 868, 879 [2 Cal. Rptr. 2d 79, 820 P.2d 181]*, (2) negligent misdiagnosis of a disease that could potentially harm another *(Molien v. Kaiser Foundation Hospitals (1980) 27 Cal.3d 916, 923 [167 Cal. Rptr. 831, 616 P.2d 813]*; and (3) the negligent breach of a duty arising out of a preexisting relationship.

362.    The landlord-tenant relationship between Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. and Plaintiffs Arogant Hollywood and Alison Helen Fairchild qualifies this action to fall under the third type of factual situation that states a cause of action for negligent intentional infliction of emotional distress.

363.    The negligent causing of emotional distress is not an independent tort but the tort of negligence. The traditional elements of duty, breach of duty, causation, and damages apply. Whether a defendant owes a duty of care is a question of law. Its existence depends upon the foreseeability of the risk and upon a weighing of policy considerations for and against imposition of liability. See *Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc. (1989) 48 Cal. 3d 583, 588 [257 Cal. Rptr. 98, 770 P.2d 278.*

364.    Direct victim cases are cases in which the plaintiff's claim of emotional distress is not based on witnessing an injury to someone else, but rather is based upon the violation of a duty owed

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 83 of 108

directly to the plaintiff. See *Wooden v. Raveling (1998) 61 Cal. App. 4th 1035, 1038 [71 Cal. Rptr 2d 891]*.

365.   Duty is found where the plaintiff is a direct victim, in that the emotional distress damages result from a duty owed the plaintiff that is assumed by the defendant or imposed on the defendant as a matter of law, or that arises out of a relationship between the two. See *McMahon v. Craig (2009) 176 Cal App 4th 222, 230 [97 Cal Rptr 3d 555]*.

366.   In a negligence action, damages may be recovered for serious emotional distress unaccompanied by physical injury. "We agree that the unqualified requirement of physical injury is no longer justifiable. See *Mollien, supra, 27 Cal. 3d at page 927-928*.

367.   The court in Mollien also decided: "[S]erious mental distress may be found where a reasonable man, normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case. *Molien, supra, 27 Cal. 3d at pp. 927-928*.

368.   A sufficient guarantee of genuineness exists and a court may thus adjudicate a negligence claim for mental distress if the facts show that the plaintiff suffered substantial damage apart from the alleged emotional injury. See *Jarchow v. Transamerica Title Ins. Co. (1975) 48 Cal. App. 3d 917, 937, 122 Cal. Rptr. 470*.

369.   A defendant's conduct need not be outrageous, the strongest assurance of the validity of a claim is the link between the tortious conduct and the emotional injury. See *Mercado v. Leong (1996) 43 Cal. App. 4th 317, 326, 50 Cal. Rptr. 2d 569*.

370.   Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. committed acts that constituted extreme and outrageous conduct, including discriminating against

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 84 of 108

Plaintiffs Arogant Hollywood and Alison Helen Fairchild, attempting to wrongfully evict them, forcefully removing Plaintiffs' from their residential rented room in direct violation Cal Civ Code § 1946.5. By banning Plaintiff Hollywood from using Airbnb Inc. website and by wrongfully evicting Plaintiffs without due process of law, in violation of Plaintiffs' 14 Amendment rights of the United States Constitution.

371.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild were both present at the time of alleged discrimination and mistreatment.

372.    Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. were the cause of Plaintiffs' severe emotional distress.

373.    As a direct, foreseeable, and proximate result of said wrongful acts by Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. Plaintiffs Arogant Hollywood and Alison Helen Fairchild suffered and will continue to suffer humiliation, shame, despair, embarrassment, loss of their real property, depression, and mental pain and anguish, all to Plaintiff's damage in an amount to be proven at the time of trial.

374.    As a further direct, foreseeable, and proximate result of said wrongful acts by Defendants Airbnb Inc., Plaintiffs have incurred attorney's fees in an amount to be determined, for which Plaintiffs claims a sum to be established according to proof.

375.    The conduct of Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr.  and its employed agents and employees as described herein was oppressive, fraudulent, and malicious, done in conscious disregard of Plaintiffs' civil rights, and done by managerial employees of Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. Plaintiffs are thereby entitled to an award of punitive damages against Defendants

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 85 of 108

Airbnb Inc. in an amount appropriate to punish and make an example of Defendants, and in an amount to conform to proof.

376.   Defendants Airbnb Inc. Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. harmful acts alleged in paragraphs   1-375. were all the only causes of Arogant Hollywood and Alison Helen Fairchild's severe emotional distress.

377.   Under the doctrine of respondeat superior, Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. and those JOHN DOE and/or JANE DOE Defendants involved are liable to Plaintiffs Arogant Hollywood and Alison Helen Fairchild for actual and punitive damages given that Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr.  and possibly others', intentional infliction of emotional distress upon Plaintiffs Arogant Hollywood and Alison Helen Fairchild as aforesaid.

378.   **WHEREFORE**, Plaintiffs Arogant Hollywood and Alison Helen Fairchild demands judgment against Defendants Airbnb Inc. Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. and DOES 1-10, inclusive, on the fifteenth cause of action of the Plaintiffs' complaint in the amount that will justly compensate both Plaintiffs for their damages, together with costs and attorneys' fees in this action.

**SIXTEENTH CAUSE OF ACTION---VIOLATION OF 42 U.S.C.S. § 1983 (Under the Color of State Law) AS AGAINST DEFENDANTS BRIAN JOSEPH CHESKY, NATHAN BIECHARCZYK, JOSEPH GEBBIA JR., AIRBNB INC. & DOES 1-10**

379.   Plaintiffs Arogant Hollywood and Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-378.

380.   At all relevant times stated in this lawsuit Arogant Hollywood and Alison Helen Fairchild

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 86 of 108

were paying residential tenants of AIRBNB INC. location 3164 Atwater Avenue, and both Plaintiffs were current on their rent at the time of forceful entry and wrongful eviction.

381.   At all relevant times states in this lawsuit Defendants Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. were the cofounders and primary executives of Airbnb Inc., and were therefore responsible for the conduct, omissions, acts and actions of all of their Airbnb Inc. employees.

382.   At all relevant times Defendant's location 3164 Atwater Avenue, Los Angeles, California general manager, supervisors and employees were employed by Airbnb Inc., and were fully involved with the interest of having Plaintiffs Alison Helen Fairchild and Arogant Hollywood discriminated against and removed from its premises permanently.

383.   The Reconstruction Civil Rights Acts, enacted during the 1800s and 1870s, provide the right to bring an action in federal court for violations of federal civil rights by state or local officials, by private persons acting in concert with the state, or, in more limited situations, by private parties acting alone. The most important of these statutes is Section 1983. Section 1983 creates no substantive rights. Rather, it creates a vehicle for enforcing existing federal rights.

384.   The statute for 42 U.S.C.S. § 1983 (hereinafter Section 1983 and/or § 1983), provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizens of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

385.   The elements of a Section 1983 case are "the deprivation of any rights, privileges, or

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 87 of 108

immunities secured by the Constitution and laws" by a person" acting "under color of state law, and must seek relief not barred by the Eleventh Amendment.

386.    A deprivation of Arogant Hollywood and Alison Helen Fairchild's federal rights by private parties Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. constituted state action because the government had (1) participated in joint activity to a degree that the actions of Defendants could be attributed to the actions of Los Angeles Police Department, and the city of Los Angeles Police Department peace officers assisting and (3) the local government compelled Defendants Airbnb Inc. Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. to act in a certain way.

387.    The joint activity by private individuals Defendants Airbnb Inc. Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. and government agency City of Los Angeles police department, transformed all Defendants into state actors.

388.    Defendants Airbnb Inc. Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. established a conspiracy against Arogant Hollywood by reaching an understanding to deny Plaintiffs Arogant Hollywood and Alison Helen Fairchild their constitutional civil rights. This understanding was done and conspired by the city of Los Angeles Police Department assisting with wrongful eviction and forceful entry of Plaintiffs who did not receive due process pursuant to federal and state law, i.e., the 14th Amendment to the U.S. Constitution and Cal Civ Code § 1946.5 (d). See *Moore v. Marketplace Rest. Inc. (1985), 754 F.2d 1336, 1352 (7th Cir)*.

389.    Private persons, jointly engaged with state officials in a challenged action, are acting "under color of law for purposes of § 1983. See *Dennis v. Sparks (1980) 449 U.S. 24*.

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 88 of 108

390.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild can establish and prove a conspiracy to violate their constitutional civil rights because Defendants and government officials that were actors in conspiracy were all in a mutual agreement that they would use force to remove Plaintiffs' from their residential rented room located at 3164 Atwater Avenue, Los Angeles, California. Defendants and government officials were all in agreement that they would wrongfully evict Plaintiffs Arogant Hollywood and Alison Helen Fairchild without due process of law. Therefore, the involvement of Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. with forceful entry, forceful removal and wrongful eviction of Plaintiffs, and with the cooperation of city of Los Angeles Police Department. Demonstrated a mutual agreement, and a meeting of minds to violate Arogant Hollywood and Alison Helen Fairchild's constitutional rights, and all of these actions and plans of Defendants constituted a federal rights violation conspiracy under 42 U.S.C.S. § 1983. See *Fonda v. Gray (1983), 707 F.2d 435, 438 (9th Cir.)*

391.    Defendants Airbnb Inc. Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. violated the constitutional rights of Plaintiffs Arogant Hollywood and Alison Helen Fairchild by meeting and conferring with city of Los Angeles Police Department peace officers concerning and regarding the potential arrest, definite trespass, and definite forceful entry and wrongful eviction of Plaintiffs, in doing so, Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. acted under the color of state law, and violated 42 U.S.C.S. § 1983.

392.    Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. violated the constitutional rights of Plaintiffs Arogant Hollywood and Alison Helen Fairchild by encouraging the city of Los Angeles Police Department to assist with a wrongful eviction and forceful entry of Plaintiff's residence without due process of law and judicial state court.

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 89 of 108

393.   Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. violated the constitutional rights of Plaintiff Arogant Hollywood by collaborating and acting in concert with city of Los Angeles police department, which was all part of a conspiracy to falsely accuse Plaintiffs Arogant Hollywood and Alison Helen Fairchild of criminal trespassing and have them wrongfully evicted from a residence both Plaintiffs were peacefully in possession of at the time of Defendants' forceful entry.

394.   To act "under color of state law for 42 U.S.C.S. § 1983 purposes does not require that the defendant be an official of the State. It is enough that he is a willful participant in joint action with the State or its agents. See *Dennis v. Sparks (1980), 449 U.S. 24.*

395.   The involvement of a state official in a conspiracy plainly provides the state action essential to show a direct violation of a plaintiff's U.S. Const. amend. XIV equal protection rights, whether or not the actions of the official were officially authorized, or lawful. Moreover, a private party involved in such a conspiracy, even though not an official of the State, can be liable under 42 U.S.C.S. § 1983.

396.   To act "under color of" state law for § 1983 purposes does not require that the defendant be an officer of the State. It is enough that he is willful participant in joint action with the State or its agents. Private persons, jointly engaged. See *Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); United States v. Price 383 U.S. 787, 794 (1966).*

397.   The due process clause of the Fourteenth Amendment encompasses three kinds of federal claims enforceable through 42 U.S.C.S. § 1983: (1) claims for the deprivation of certain specific rights denoted in the Bill of Rights and made applicable to the states through incorporation; (2) claims under the substantive component of the due process clause "that bars certain arbitrary, wrongful government actions, 'regardless of the fairness of the procedures used to implement

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 90 of 108

them'"; and (3) claims under the procedural component of the due process clause that prohibits the deprivation of life, liberty, or property without fair procedure. See *Zinermon v. Burch, 494 U.S. 113, 124 (1990) (quoting Daniels v. Williams, 474 U.S. 327, 331 (1986).*

398.    Defendants Airbnb Inc. Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. acted under the color of state law by denying both Plaintiffs their constitutional 14th Amendment rights to not be denied "real property" without due process of law.

399.    The conduct of Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. as described herein was oppressive, fraudulent, and malicious, done in conscious disregard of Plaintiffs Arogant Hollywood and Alison Helen Fairchild's constitutional rights. Plaintiffs are thereby entitled to an award of punitive damages against Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr., in an amount appropriate to punish and make an example of Defendants, and in an amount to conform to proof.

400.    **WHEREFORE**, Plaintiffs Arogant Hollywood and Alison Helen Fairchild demands judgment against Defendants Airbnb Inc. Brian Joseph Chesky, Nathan Biecharczyk, Joseph Gebbia Jr. and DOES 1-10, on the sixteenth cause of action of the Plaintiffs' complaint in the amount that will justly compensate both Plaintiffs for their damages, together with costs and attorneys' fees in this action.

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 91 of 108

## SEVENTEENTH CLAIM FOR RELIEF

## 42 U.S.C.S. § 1983

### Fourteenth Amendment—Denial of Equal Protections of Laws

### (Against Defendants Airbnb Inc. Brian Joseph Chesky, Nathan Biecharczyk, Joseph Gebbia Jr. and DOES 1-10)

401.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-400.

402.    At all relevant times stated in this lawsuit Arogant Hollywood and Alison Helen Fairchild were paying residential tenants of AIRBNB INC. location 3164 Atwater Avenue, and both Plaintiffs were current on their rent at the time of forceful entry and wrongful eviction.

403.    At all relevant times states in this lawsuit Defendants Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr. were the cofounders and primary executives of Airbnb Inc., and were therefore responsible for the conduct, omissions, acts and actions of all of their Airbnb Inc. employees.

404.    At all relevant times Defendant's location 3164 Atwater Avenue, Los Angeles, California general manager, supervisors and employees were employed by Airbnb Inc., and were fully involved with the interest of having Plaintiffs Alison Helen Fairchild and Arogant Hollywood discriminated against and removed from its premises permanently.

405.    Since at least March 20th 2015, Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr, had a company custom, policy and procedure of wrongfully evicting and using law enforcement self-help tactics to remove two or more lodgers from their residential rental rooms advertised on Airbnb Inc.'s world-wide website, in violation of Cal Civ Code § 1946.5, in violation of the Fourteenth Amendment of the United States Constitution.

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 92 of 108

406.    The United States Constitution Amendment XIV, Section 1 provides:

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges and immunities of citizens of the United States, nor shall any state deprive any person of life, liberty, or property, without due process of law, nor deny any person within jurisdiction the equal protection of the laws.

407.    Allegations of facts constituting a deprivation under color of state authority of a right guaranteed by the Fourteenth Amendment satisfies to that extent the requirement of Rev Stat 1979 (42 USC 1983), giving a right of action against a person who under color of state law, custom, or usage, subjects another to the deprivation of any rights, privileges, or immunities secured by the Federal Constitution.

408.    Rev Stat 1979 (42 USC §`1983), giving a right of action against a person who, under color of state law, custom, usage, subject another to the deprivation of any rights, privileges, or immunities secured by the Federal Constitution, has several purposes: (1) it overrides certain kinds of state laws; (2) it provides a remedy where state law is inadequate; and (3) it provides a federal remedy where the state remedy, though adequate in there, is not available in practice.

409.    Allegations of facts constituting a deprivation under color of state authority of a right guaranteed by the Fourteenth Amendment satisfies to the extent the requirement of R.S. § 1979. See *Douglas v. Jeannette, 319 U.S. 157, 161-162 (1943).*

410.    No specific intent to deprive a person of a federal right is necessary to create liability under Rev Stat 1979 (42 USC § 1983), which gives a right of action against a person who, under color of state law, custom, or usage, subjects another to the deprivation of any rights, privileges, or immunities secured by the Federal Constitution.

---

**Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED**
-Page 93 of 108

411.   Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr violated Plaintiffs Arogant Hollywood and Alison Helen Fairchild's 14th Amendment rights by denying Plaintiffs their rights to real property without due process of law.

412.   Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr violated Plaintiffs Arogant Hollywood and Alison Helen Fairchild's 14th Amendment rights by forcefully removing Plaintiffs from their residence located at: 3164 Atwater Avenue, Los Angeles, California.

413.   Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr violated Plaintiffs Arogant Hollywood and Alison Helen Fairchild's 14th Amendment rights by intentionally evicting Plaintiffs without first obtaining a writ of possession of said premises located at: 3164 Atwater Avenue, Los Angeles, California.

414.   Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk and Joseph Gebbia Jr violated Plaintiffs Arogant Hollywood and Alison Helen Fairchild's 14th Amendment rights by using the L.A.P.D. law enforcement local agency to assist with a forceful entry of Plaintiffs' real property, and thus, interfering with Plaintiffs constitutional rights to possess residential real property.

415.   **WHEREFORE**, Plaintiffs Arogant Hollywood and Alison Helen Fairchild demands judgment against Defendants Airbnb Inc. Brian Joseph Chesky, Nathan Biecharczyk, Joseph Gebbia Jr. and DOES 1-10, on the seventeenth cause of action of the Plaintiffs' complaint in the amount that will justly compensate both Plaintiffs for their damages, together with costs and attorneys' fees in this action.

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 94 of 108

**EIGHTEENTH CAUSE OF ACTION---DECLARATORY RELIEF SOUGHT BY PLAINTIFFS AROGANT HOLLYWOOD & ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS BRIAN JOSEPH CHESKY, NATHAN BIECHARCZYK, JOSEPH GEBBIA JR., AIRBNB INC. & DOES 1-10**

416.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-415.

417.    An actual controversy now exists in that Plaintiffs Arogant Hollywood and Alison Helen Fairchild are informed and believes and thereon alleges that Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk, and Joseph Gebbia Jr., are in violation of the laws of the United States including but not limited to, Title II of the Civil Rights Act of 1968 and American Disabilities Act of 1990.

418.    A declaratory judgment is necessary in that Plaintiffs Arogant Hollywood and Alison Helen Fairchild contends and Defendants Airbnb Inc. Brian Joseph Chesky, Nathan Biecharczyk, Joseph Gebbia Jr.  deny that Defendants are required to modify his policies, practices and procedures at Defendants' Airbnb Inc. Defendants Airbnb Inc. deny that Plaintiffs Arogant Hollywood and Alison Helen Fairchild suffered discrimination because of Defendants' failure to modify practices, policies and procedures and/or that Plaintiffs are entitled to injunctive relief under federal law.

419.    A declaratory judgment is necessary in that Plaintiffs Arogant Hollywood and Alison Helen Fairchild contends and Defendants Airbnb Inc. deny that Defendants are required to negotiate, rent or contact with Plaintiffs pursuant to Title II of the Civil Rights Act of 1968, and in regards to Plaintiff Fairchild, the American Disabilities Act of 1990. Defendants Airbnb Inc. deny that Plaintiffs Arogant Hollywood and Alison Helen Fairchild suffered discrimination because of Defendants' refusal to permit Plaintiff Arogant Hollywood with unlimited access to rental units on

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 95 of 108

Airbnb Inc.'s world-wide website, and/or that Plaintiffs are entitled to injunctive relief under federal law.

420.   A declaratory judgment is necessary in that Plaintiffs Arogant Hollywood and Alison Helen Fairchild contends that Defendants unlawful and discriminatory business practices which Defendants' actions are in direct violation of Title II of the Civil Rights Act of 1968 and American Disabilities Act of 1990. Plaintiffs contend that Defendants Airbnb Inc. deny any wrongdoing alleged within this federal complaint for damages. Plaintiffs contends that they are a part of protected class of U.S. citizens which have been injured by Defendants Airbnb Inc. Brian Joseph Chesky, Nathan Biecharczyk, Joseph Gebbia Jr. and Plaintiffs avers they will continue to be injured and suffer damages by the actions of Defendants Airbnb Inc. Brian Joseph Chesky, Nathan Biecharczyk, Joseph Gebbia Jr. unless this Court takes action.

421.   A declaratory judgment is necessary in that Plaintiffs Arogant Hollywood and Alison Helen Fairchild contends that Defendants Airbnb Inc. Brian Joseph Chesky, Nathan Biecharczyk, Joseph Gebbia Jr. have discriminated against both Plaintiffs and employed unlawful tactics by removing Plaintiffs' from their Airbnb website and community. Plaintiffs contend that they both have suffered discrimination and a violation of their constitutional civil rights which give them protection from Defendants' unlawful conduct pursuant to Title II of the Civil Rights Act of 1968 and Title III American Disabilities Act of 1990. Plaintiffs Arogant Hollywood and Alison Helen Fairchild contends that Defendants Airbnb Inc. Brian Joseph Chesky, Nathan Biecharczyk, Joseph Gebbia Jr. deny that Defendants are required to stop banning Plaintiffs from Airbnb Inc. community and website through discriminatory, unlawful and illegal tactics, that all point to a direct violation of the constitutional civil rights of Plaintiffs Arogant Hollywood and Alison Helen Fairchild pursuant to the Civil Rights Act of 1968 and American Disabilities Act of 1990.

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
−Page 96 of 108

422.   **WHEREFORE**, Plaintiffs Arogant Hollywood and Alison Helen Fairchild prays for declaratory judgment and relief against Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk, Joseph Gebbia Jr. as set forth herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs Arogant Hollywood and Alison Helen Fairchild respectively prays for judgment on the above-alleged causes of action against Defendants Airbnb Inc. as follows:

1.   That the Court declare the respective rights and duties of Plaintiff Arogant Hollywood and Defendants Airbnb Inc. as to the modifications of Defendant's policies, practices and procedures regarding the reasonable accommodation of an African-American male who has been discriminated against by Defendants.

2.   That the Court declare the respective rights and duties of Plaintiff Alison Helen Fairchild and Defendants Airbnb Inc. as to the modifications of Defendant's policies, practices and procedures regarding the reasonable accommodation of a Caucasian disabled woman who has been discriminated against by Defendants.

3.   Enter a declaratory judgment finding that Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk, and Joseph Gebbia Jr. actions described above constitute discrimination based on Plaintiff Arogant Hollywood's race, national origin, ethnicity, or ancestry, and violate 42 U.S.C.S. §§ 1981, 1985 and 1986.

4.   Enter a declaratory judgment finding that Defendants Brian Joseph Chesky, Nathan Biecharczyk, and Joseph Gebbia Jr.'s actions described above constitute discrimination based on Plaintiff Alison Helen Fairchild's disability and/or handicap, and violate 42 U.S.C. §§ 1981, many state laws, and American Disabilities Act of 1990.

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 97 of 108

5.    Declare that Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk, and Joseph Gebbia Jr. conduct in contract with Plaintiff Arogant Hollywood violates non-discrimination provisions of Title II of the Civil Rights Act of 1968;

6.    An order awarding Plaintiff Alison Helen Fairchild actual and/or statutory damages for violation of civil rights and for restitution for each and every offense and for each and every day Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk, and Joseph Gebbia Jr. refused to rent to Plaintiff Fairchild, and damages for discrimination for each day since Plaintiff was forced out of her residential rented room on March 22nd 2015.

7.    An order awarding Plaintiff Arogant Hollywood actual and/or statutory damages for violation of civil rights and for restitution for each and every offense and for each and every day Defendants Airbnb Inc. Brian Joseph Chesky, Nathan Biecharczyk, and Joseph Gebbia Jr. refused to rent to Plaintiff Hollywood.

8.    An order awarding Plaintiff Arogant Hollywood actual and/or statutory damages for violation of civil rights and for restitution for each and every offense and for each and every day Plaintiff was discriminated against and treated differently than other similarly situated white tenants.

9.    Pursuant to 42 U.S.C. § 1981, award compensatory damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury that would fully compensate Ms. Fairchild for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk, and Joseph Gebbia Jr.'s misconduct alleged in this Complaint;

10.    Pursuant to 42 U.S.C. § 1981, award compensatory damages to Plaintiff Arogant Hollywood in an amount determined by the jury that would fully compensate Plaintiff Hollywood for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk, and Joseph Gebbia Jr.'s misconduct alleged in this Complaint;

11.    Pursuant to 42 U.S.C. § 1981, award punitive damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury, but no less than three times the amount of actual damages,

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 98 of 108

that would punish Defendants Airbnb Inc. for the intentional, willful, wanton, and reckless misconduct alleged in the Complaint and that would effectively deter Defendant from future discriminatory behavior;

12.  Pursuant to 42 U.S.C. § 1981, award punitive damages to Plaintiff Arogant Hollywood in an amount determined by the jury, but no less than three times the amount of actual damages, that would punish Defendants Airbnb Inc. for the intentional, willful, wanton, and reckless misconduct alleged in the Complaint and that would effectively deter Defendants from future discriminatory behavior;

13.  Statutory disbursements, costs, expert fees, and attorney's fees authorized under 42 U.S.C. § 1988(b), and such further and other relief as the court deems just and proper;

14.  Pursuant to 42 U.S.C. § 18116, award compensatory damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury that would fully compensate Ms. Fairchild for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants Airbnb Inc. misconduct alleged in this Complaint;

15.  Pursuant to 42 U.S.C. § 18116, award compensatory damages to Plaintiff Arogant Hollywood in an amount determined by the jury that would fully compensate Mr. Hollywood for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk, and Joseph Gebbia Jr.'s misconduct alleged in this Complaint;

16.  Pursuant to 42 U.S.C. § 18116, award punitive damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury, but no less than three times the amount of actual damages, that would punish Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk, and Joseph Gebbia Jr. for the intentional, willful, wanton, and reckless misconduct alleged in this Complaint and that would effectively deter Defendants Airbnb Inc. from future discrimination behavior;

17.  Pursuant to 42 U.S.C. § 18116, award punitive damages to Plaintiff Arogant Hollywood in an amount determined by the jury, but no less than three times the amount of actual damages,

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 99 of 108

that would punish Defendants Airbnb Inc. for the intentional, willful, wanton, and reckless misconduct alleged in this Complaint and that would effectively deter Defendants Airbnb Inc. from future discrimination behavior;

18.. Award Plaintiff Alison Helen Fairchild damages in an amount to be determined at trial to compensate her for being deprived of her right to live at 3164 Atwater Avenue, Los Angeles, CA, and make or enforce contracts with Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk, and Joseph Gebbia Jr. regardless of her perceived disability, including damages for fear, humiliation, embarrassment, mental pain, suffering, inconvenience, and financial injury;

19. Award Plaintiff Arogant Hollywood damages in an amount to be determined at trial to compensate him for being deprived of his right to live at 3164 Atwater Avenue, Los Angeles, CA 91605, and make or enforce contracts with Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk, and Joseph Gebbia Jr.  regardless of his perceived race, color, national origin, ethnicity, or ancestry, including damages for fear, humiliation, embarrassment, mental aguish, pain and suffering, inconvenience, and financial injury;

20. Award Plaintiff Alison Helen Fairchild damages in an amount to be determined at trial to compensate her for the torts of negligent intentional infliction of emotional distress, as alleged against Defendants Airbnb Inc.

21. Award Plaintiff Arogant Hollywood damages in an amount to be determined at trial to compensate him for the torts of negligent intentional infliction of emotional distress, as alleged against Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk, and Joseph Gebbia Jr.

22. Award Plaintiff Arogant Hollywood damages in an amount to be determined at trial to compensate him for the torts of negligent supervision and/or retention as alleged against Defendants Airbnb Inc., Brian Joseph Chesky, Nathan Biecharczyk, and Joseph Gebbia Jr.

23. Award Plaintiff Alison Helen Fairchild damages in an amount to be determined at trial to compensate her for the torts of negligent supervision and/or retention of emotional distress as

Verified Complaint for Damages and Declaratory Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 100 of 108